**UNITED STATES of America, Appellee,**

v.

**Pedro PADRON, Defendant–Appellant.**

**No. 1201, Docket 90–1456.**

United States Court of Appeals, Second Circuit.

July 5, 1991.

Before KAUFMAN, NEWMAN, and KEARSE, Circuit Judges.

PER CURIAM:

Pedro Padron, whose conviction we affirmed by summary order, 935 F.2d 1277 (1991), petitions for rehearing to challenge an issue not discussed in that order. He contends that his right to testify in his defense was impermissibly chilled by the District Judge's warning that if he testified and was convicted, his applicable sentencing guideline range would be increased two levels for obstruction of justice. *See* U.S. S.G. § 3C1.1. The claim deserves amplified consideration.

---

Padron was convicted after a jury trial before Judge Goettel of conspiracy to distribute heroin and distribution of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846 (1988), and 18 U.S.C. § 2 (1988). Toward the end of the trial, defense counsel told Judge Goettel that he was uncertain whether to call Padron as a witness. The following colloquy ensued:

THE COURT: And the defendant himself? I assume you're familiar with my prior practice of defendants who testify and [are] convicted?

DEFENSE COUNSEL: No, your honor.

THE COURT: I have always viewed it as an aggravating circumstance and under the sentencing guidelines, I view it as obstruction of justice raising the guidelines by two points.

I am not at all trying to chill your interest in presenting a defense. I simply think that in fairness, since the appellate courts seem to think we should advise people in advance when we're going to go above the guidelines, which it strikes me is not a very workable approach, they seem to think we should do it.

I thought you should be aware of it.

Defense counsel made no objection to the District Judge's statement. The defendant did not testify. The defense case consisted of the testimony of Padron's wife, called as a character witness.

■ We have recently clarified the circumstances under which a sentencing judge may increase the base offense level by two levels for obstruction of justice arising from a defendant's false trial testimony. *See United States v. Bonds*, 933 F.2d 152, 155 (2d Cir.1991). We there observed that where a defendant's testimony "relates to an essential element of his offense" and "the evidence also persuades the sentencing judge that the defendant knew, at the time of testifying, that the statements to which he testified were untrue," the two-level upward adjustment under section 3C1.1 "would be appropriate."

■ Judge Goettel's statement to Padron, though obviously a well-intentioned warning of a risk that the defendant would face if he chose to testify, overstated the matter by indicating that the adjustment would be automatic in the event of conviction. Moreover, though it seems clear that the District Judge was referring only to the two-level adjustment authorized by section 3C1.1, his reference to "go[ing] above the guidelines" might have been misunderstood as a caution that the defendant's false trial testimony risked an upward departure. The notice of such possible departures, which Judge Goettel questioned and which the Supreme Court has recently required, *Burns v. United States*, —— U.S. ——, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), is to be given to afford each side an opportunity at sentencing to dispute whether a departure is available and, if so, its appropriate extent.

Though the District Judge's caution was flawed, it provides no grounds for relief. In the first place, there is some question whether Padron's complaint is cognizable on appeal in view of his decision not to testify. In a somewhat analogous context, the Supreme Court has ruled that a defendant, who claims to have been deterred from testifying by an allegedly erroneous ruling permitting impeachment by a prior conviction, cannot challenge the ruling unless he testifies and is impeached. *See Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). In any event, Padron surely cannot complain of imprecision in the wording of Judge Goettel's warning in the absence of any objection when the caution was given. Moreover, since Padron would inevitably have been questioned about essential elements of the crime, the risks that the jury would convict, that Judge Goettel would find his testimony false, and that the two-level enhancement would be made were very real. A caution was not inappropriate.

The petition for rehearing is denied.