UNITED STATES of America, Appellee,

v.

Pedro José CRUZ, Defendant–Appellant,

Carlos Cepeda and Ramon
Espinal, Defendants.

Docket No. 92–1172.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 1, 1992.

Decided Oct. 21, 1992.

Kenneth D. Wasserman, New York City, for defendant-appellant.

Nelson W. Cunningham, Asst. U.S. Atty., New York City, for appellee.

Before: FEINBERG, NEWMAN, and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This unopposed motion by the Government to remand a criminal case for resentencing merits a brief opinion only to make clear the inappropriateness of the District Judge's pretrial threat to impose the maximum sentence in the event the Judge concluded that the defendant went to trial without "a good defense." Pedro José Cruz appeals from the February 24, 1991, judgment of the District Court for the Southern District of New York (Nicholas Tsoucalas, Judge, United States Court of International Trade, sitting by designation) convicting him, after a jury trial, of conspiracy to distribute and possession, with intent to distribute, of more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846

(1988). The District Court sentenced Cruz to a term of 320 months (26 and two-thirds years).

During jury selection, the District Judge bluntly told the defendant of the risk of enhanced punishment he might face by exercising his right to have his guilt determined at a trial:

> I'm the kind of a judge where you get a fair trial. There is no doubt about it in my mind. But once you're convicted of a crime, I hit hard.... [I]f I find that after the trial that you didn't have a defense at all, you're going to get the maximum, because you're playing games with me.... If you have a good defense, and if you really believe that you're not guilty, don't plead. But if you are, don't play games, please.

After conviction by the jury, the Probation Department determined that Cruz's offense level under the Sentencing Guidelines was 38 and his Criminal History Category was II, placing him in a guideline range of 262 to 327 months (approximately 22 to 27 years). The sentence imposed, 320 months, was just seven months short of the top of the guideline range.

After the defendant filed his notice of appeal, the Government, recognizing the infirmity in the sentence arising from the District Judge's pretrial remarks, moved to remand for resentencing and noted that it would not object to resentencing before a different judge. The defendant has consented to the remand motion.

Courts have long recognized that trial judges are entitled to encourage guilty pleas by imposing on a defendant who pleads guilty a lesser sentence than would have been imposed had the defendant stood trial. *See Corbitt v. New Jersey*, 439 U.S. 212, 219, 99 S.Ct. 492, 498, 58 L.Ed.2d 466 (1978); *Brady v. United States*, 397 U.S. 742, 750–51, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1970). Though that "discount" means, in effect, that a defendant who stands trial receives a higher sentence than would have been imposed if he had pled guilty, courts have accepted the traditional "discount" approach, apparently on the rationale that the reduced sentence for a guilty plea repre-

sents a reduction from a sentencing norm ascertained independent of the procedure by which guilt is ascertained. A sentence imposed upon a defendant who stands trial is that norm; it is not an enhancement above the norm as a cost of standing trial. The Sentencing Guidelines reflect this "discount" approach by affording a defendant a two-level reduction in the otherwise applicable offense level in recognition of the defendant's "acceptance of responsibility." U.S.S.G. § 3E1.1. We have recognized that this discount is lawful, rejecting the contention that withholding such leniency would be impermissible punishment. *See United States v. Parker*, 903 F.2d 91, 105 (2d Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990).

The Guidelines also reflect the appropriateness of enhancing a sentence, not because a defendant elects to stand trial, but because he obstructs justice in the course of that trial by presenting testimony that the trial judge determines is false. *See* U.S.S.G. § 3C1.1 & comment. (n. 3(b)); *United States v. Cunavelis*, 969 F.2d 1419, 1423 (2d Cir.1992); *United States v. Padron*, 938 F.2d 29, 30 (2d Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 978, 117 L.Ed.2d 142 (1992); *United States v. Bonds*, 933 F.2d 152, 155 (2d Cir.1991).

In the pending case, the District Judge's pretrial remarks created an unacceptable risk that the sentence was impermissibly enhanced above an otherwise appropriate sentencing norm to penalize the defendant for exercising his constitutional right to stand trial. The Judge did not simply point out that the acceptance of responsibility "discount" from an otherwise appropriate sentencing norm, available upon a guilty plea, might well be unavailable if the defendant stood trial. Nor did the Judge find that an obstruction of justice enhancement was warranted. Instead, the Judge threatened imposition of a "maximum" sentence if the Judge determined, after trial, that the defendant lacked what the Judge considered "a good defense." Apparently persuaded that Cruz's defense was not "good," the Judge imposed a sentence just seven months short of the top of the applicable guideline range, which in Cruz's case spanned five years.

Under the circumstances, we vacate the sentence and remand for resentencing before a different district judge.