The STATE of Ohio, Appellee,

v.

WARREN, Appellant.

[Cite as *State v. Warren* (1998), 125 Ohio App.3d 298.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71196.

Decided Jan. 26, 1998.

**300**

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Louis Brodnik*, Assistant Prosecuting Attorney, for appellee.

*James A. Draper*, Cuyahoga County Public Defender, and *Jean M. Gallagher*, Assistant Public Defender, for appellant.

KARPINSKI, Judge.

Defendant appeals from the judgment of the trial court finding him guilty of theft. On appeal, defendant argues that (1) the indictment failed to charge the prior theft conviction as an element, (2) the court erred by not having the jury render a verdict on whether defendant had a prior conviction, (3) the court erred by giving defendant a harsher sentence because he exercised his right to trial, and (4) defendant's trial counsel was ineffective for not objecting to the trial court's instruction to the jury. Having found merit in the claim that the trial court improperly sentenced defendant based on his refusal to plead guilty, we affirm the judgment of the trial court and remand the matter for resentencing. The relevant facts follow.

Defendant was charged with robbery as a result of his attempt to steal four bags of shrimp from a Finast supermarket. Specifically, the indictment stated as follows:

"The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, do find and present, that the above named Defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully and in attempting or committing a theft offense as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense against Finast did use or threaten the immediate use of force against another, to-wit: Patrol Officer Ford, Badge 157.

"SPECIFICATION ONE: (Peace Officer)

"The Grand Jurors further find and specify that the victim of the offense is a peace officer, as defined in Section 2935.01 of the Revised Code.

"SPECIFICATION TWO: (Aggravated Felony)

"The Grand Jurors further find and specify that the offender has previously been convicted of or pleaded guilty to an aggravated felony, the said Jerrell Warren, with counsel, on or about the 28th day of January, 1992, in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR 270815, having been convicted of the crime of Attempt [*sic*] Robbery, in violation of Revised Code Section 2923.02/2911.02 of the State of Ohio.

"SPECIFICATION THREE: (Violence)

"The Grand Jurors further find and specify that the offender has previously been convicted of an offense of violence, the said Jerrell Warren, with counsel, on or about the 28th day of January, 1992, in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR 270818, having been convicted of the crime of Attempt [*sic*] Robbery in violation of Revised Code Section 2923.02/2911.02 of the State of Ohio."

Defendant pled not guilty to the indictment and the case proceeded to trial. At trial, Scott Ford, a Cleveland Police Officer employed at Finast in an off-duty capacity, testified as follows. Ford arrested defendant when he saw him taking plastic bags of shrimp out of his coat. Holding onto the back of defendant's pants, Ford was leading him away when he pushed the officer and moved away for a moment. Other police officers who arrived on the scene then took defendant to the police station.

Defendant took the stand and testified as follows. He admitted he stole four bags of shrimp. When he was handcuffed and walking toward the door, the officer called defendant "a stupid mother fucker" and, punching him several times, gave defendant a bloody nose. A sergeant, noticing this condition, called EMS, who told defendant he had a fractured nose. On cross-examination, defendant admitted to having three felony convictions in the last ten years, including attempted robbery.

The jury found defendant guilty of theft. Defendant timely appeals, raising five assignments of error.

"I. Mr. Warren was denied due process (Ohio Const. Art. I, Sect. 16 and U.S. Const. Amend. XIV) and improperly convicted of a crime without indictment by a grand jury (Ohio Const. Art. I, Sect. 10 and U.S. Const. Amend. V) when the trial court constructively amended robbery to theft; which is not a lesser included offense of robbery."

Defendant withdrew this assignment in his reply brief. Defendant's second assignment states as follows:

"II. Even if felony theft is a lesser included offense of robbery, a prior conviction for a theft offense is an element of felony theft and when the indictment failed to charge the prior conviction for a theft offense as an element, Mr. Warren's rights to due process were denied as he was convicted of an offense for which he was not indicted."

■ Defendant was indicted with a violation of R.C. 2911.02, robbery. The trial judge instructed the jury on the lesser included offense of theft. The jury returned a guilty verdict on theft. Under R.C. 2913.02(B), a theft violation is increased from a first-degree misdemeanor to a fourth-degree felony if the offender has previously been convicted of a theft offense. In this assignment, defendant argues that the indictment was defective because the prior conviction, which increased the degree of the offense for which defendant was convicted, was listed as a specification and not charged as an element of the offense. Defendant argues that under R.C. 2945.75, if the presence of an element makes the offense one of a more serious degree, the indictment shall allege the additional element. Defendant contends that it is not sufficient for the prior conviction to appear in the specification. Because of the circumstances of this case, we do not agree.

■ The purpose of the indictment is to put the defendant on notice of the charges so that he may prepare a defense. *State v. Cook* (1987), 35 Ohio App.3d 20, 519 N.E.2d 419. In the case at bar, defense counsel was aware that the prior conviction would enhance the crime to a felony. At trial defense counsel stated as follows:

"THE COURT: First of all, I'm going to state a stipulation in this particular case. The defendant has been indicted in count 1 with a specification 2, which references a prior aggravated felony conviction, if I'm not mistaken. Mr. Luskin has stipulated—has requested the Court bifurcate that issue and is prepared at this time to stipulate as to specification number 2.

"Is that correct Mr. Luskin?

"MR. LUSKIN: That is correct, your Honor. We had entered into the stipulation prior to and the Court had inquired earlier, with respect to the bifurcation, we stipulate that on or about January 28, 1992 in the Court of Common Pleas in Cuyahoga County in Case No. CR 270815 that my client, Jerrell Warren, had, in fact, been convicted of attempted robbery in violation of Ohio Revised Code Section 2923.02 and 2911.02, all of the Ohio Revised Code. Attempted robbery is defined within the Revised Code as being a theft offense in 2901.01 and we would stipulate that this attempted robbery was, in fact, a prior theft.

"We do this for the purposes of the stipulation so that the Court would instruct on a theft offense, and *we realize that would escalate it to a felony of the fourth degree.*" (Emphasis added.)

Defendant, therefore, was properly on notice. In *State v. Davis* (Sept. 17, 1992), Cuyahoga App. No. 61076, unreported, 1992 WL 227918, this court held, at 3, that "the including of a prior conviction specification in an indictment places a defendant on notice that if he is convicted of a lesser included offense, the prior conviction specification may be applied to the conviction." Although the *Davis* case did not involve a prior conviction changing the degree of the offense, the rationale still applies. The indictment in the case at bar is not defective merely because the prior conviction was listed as a specification and not listed as an element. What is important is that defendant was placed on notice. Defendant's second assignment is overruled.

The third assignment states as follows:

"III. Even if felony theft is a lesser included offense of robbery and the indictment charged the prior conviction for a theft offense as an element, when the jury did not render a verdict on that element and Mr. Warren did not waive his right to a jury, Mr. Warren's rights to due process and a jury trial were denied."

In this assignment, defendant argues that his penalty was enhanced to a felony improperly because the jury never found he had a prior theft conviction. Although it is true that the jury never made a specific finding on the prior conviction, this assignment is meritless because defendant specifically stipulated to the prior conviction, as is illustrated in the following comments by defendant's counsel:

"MR. LUSKIN: [W]e stipulate that on or about January 28, 1992 in the Court of Common Pleas in Cuyahoga County in Case Nu. CR 270815 that my client, Jerrell Warren, had, in fact, been convicted of attempted robbery * * *. [A]nd we would stipulate that this attempted robbery was, in fact, a prior theft.

"[A]nd we realize that would escalate it to a felony of the fourth degree."

Because defendant stipulated to the prior conviction, it was not necessary, therefore, for the jury to make that determination. Defendant's third assignment is overruled.

Defendant's fourth assignment states as follows:

"IV. The trial court abused its discretion when it was improperly involved in plea bargaining, punished Mr. Warren for refusing to plead to the indictment and for exercising his right to a trial (and specifically, to a jury trial), and effectively sentenced Mr. Warren on a charge on which he was acquitted."

In this assignment, defendant argues that the trial court punished him for exercising his right to a jury trial. In support defendant cites various comments by the judge. In plea bargaining before trial, the court stated that if defendant would plead to robbery, the court would give defendant a sentence of three to four (minimum) to fifteen (maximum) years, suspend the sentence, and place defendant on probation. After the jury returned its verdict of theft instead of robbery, the trial judge kept the jury in the courtroom and engaged in the following discussion on the record with the defendant:

"THE COURT: Mr. Warren, I'm going to allow the jury to see your sentence, because I want them to get a full picture of what is going on down here, okay? What they don't know is before this case started I took you aside and tried to give you a piece of advice, didn't I?

"THE DEFENDANT: Yes. Yes, sir.

"THE COURT: What was the plea bargain? Tell the jurors what the plea bargain that was offered to you was.

"THE DEFENDANT: 3 to 5 suspended with five years probation, but I didn't understand. I didn't understand it.

"THE COURT: Okay. In other words, this young man, this is his third conviction—excuse me, this is his fourth conviction. He's doing 18 months at the Lorain Correctional Institute for another violation from Cuyahoga County. He was sentenced by a different judge to 18 months at LCI. He's doing his time right now.

"*Now, I understood that this was a robbery,* an enhanced shoplifting, stealing shrimp out of a Finast store, okay? What I said to you is—the prosecution would not reduce it to theft. The prosecution if they were going to cut this deal it was to robbery, because this is his fourth case.

"*I said to you, did I not, if you plead to the robbery, I'll give you a 3 to 4 to 15 and suspend the sentence and place you on probation and you will not get one additional day. Didn't I tell you that?*

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, you want to tell me that you don't understand that?

"THE DEFENDANT: No, I said I didn't understand the difference between when you drop a robbery to a theft. That's what I said I didn't understand. That's what I meant.

"THE COURT: And you were unwilling to plead to the robbery?

"THE DEFENDANT: No, I wasn't going to plead to robbery.

"THE COURT: *Right. And indeed these jurors gave you a break and you are guilty only of a theft offense.*

"THE DEFENDANT: Yes.

"THE COURT: I took you aside and tried to give you a little advice here. You weren't listening to me, because what you did *to beat the robbery case* is admit that you committed an indefinite felony of the fourth degree.

"Do you understand what I'm saying?

"THE DEFENDANT: Yes, sir.

"THE COURT: Which means I can now sentenced [*sic*] you for three to five.

THE DEFENDANT: Yes, sir.

"THE COURT: Okay. You know, *I tried a case in here just before I tried your case. I had two juries up on this floor at one time. I'm a busy guy. I get 1200 cases a year, so it is really important to me for people who want a break from me, for people who want consideration from me to at least show me that there's some acceptance of responsibility for their activity.*

"*Now, I'm going to say right out, had I been on the jury, I would have convicted you of robbery* and I believe you pushed the cop. Any force, however slight, is robbery. You may not like the definition, but that's the definition of the state of Ohio. We have got things going down at Dave's Supermarket where they off'd the security guard, killed him, shot the other guy and the police had to go and hunt that guy down and shoot him down like a rabid dog on the railroad tracks.

"You are all familiar with that case I'm talking about.

"Because guys like you walk in the store in broad daylight with armed security guards and they rip them off with impunity; and when you are caught, you are going to give the shoulder and some of your mouth. You are a guy that was on probation at the time that this thing went down and you had three felony convictions at the time. *If it was up to me, I would have convicted you of robbery.*

"But at no time have you accepted responsibility for your actions. At no time did you realize I better cut my losses. You have exhibited—you are 26 years old, right?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have exhibited throughout your lifetime a disregard for the social well-being of our community. Do you understand what I just said?

"THE DEFENDANT: Yes, sir.

"* * *

"THE COURT: What do you want to say before I sentence you?

"THE DEFENDANT: Thank you to the jurors over there.

"THE COURT: You ought to thank them big time. You ought to thank them big time, big time. *They saved your butt.* They saved you a lot of time. You go down on burglary—excuse me, robbery, you're looking at 12 to 15, right?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now I can only give you three to five, right? Do you want to say anything else?

"THE DEFENDANT: Sorry for wasting your time.

"* * *

"THE COURT: All right. You have gotten enough breaks out of this courtroom today. You are not going to get one from me. Therefore, I'm going to hit you with the maximum, three to five at LCI. There's no restitution owed, no reason to fine you. You are broke. We will waive the court costs, but I'm not suspending the sentence and three to five is consecutive to the period of incarceration that you are doing on 338115, so you can do four and a half, five years, longer.

"* * *

"It is not about aggravating me, okay? It is about what you did to yourself. *Had you been willing to come in and say there was a push, there was a shove, I was stealing, it is a technical robbery,* I'm sorry, you go down and you do your 18 months. I put you on paper and you behave yourself, you have no problem, but you have come in here and—you know, exhibited the attitude you did, so you are going to do a lot more time. *You know what, I'm tired of processing guys like you.*" (Emphasis added.)

In effect, the judge told defendant that he would have received a suspended sentence if defendant had pled guilty to the higher charge of robbery. The judge unequivocally stated, furthermore, that he would have convicted him of only robbery rather than theft.

█ This assignment has merit. "Courts have long recognized that trial judges are entitled to encourage guilty pleas by imposing on a defendant who pleads guilty a lesser sentence than would have been imposed had the defendant stood trial." *United States v. Cruz* (C.A.2, 1992), 977 F.2d 732, 733. However, a defendant should never be punished for exercising his right to trial or refusing to enter into a plea agreement. *State v. O'Dell* (1989), 45 Ohio St.3d 140, 543

N.E.2d 1220, paragraph two of the syllabus[1]; *United States v. Derrick* (C.A.6, 1975), 519 F.2d 1, 3; *United States v. Barbara* (C.A.6, 1982), 683 F.2d 164; *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 89, 529 N.E.2d 947, 949–950; Campbell, Law of Sentencing (2 Ed.1991) 222, Section 8:21. Therefore, although sentencing is generally left to the sound discretion of the trial judge, appellate courts have found that the trial court abuses its discretion when the record affirmatively demonstrates that defendant received an enhanced sentence in retaliation for rejecting a plea offer. *Derrick, supra; Columbus v. Jones, supra;* Annotation, Propriety of Sentencing Justice's Consideration of Defendant's Failure or Refusal to Accept Plea Bargain (1980), 100 A.L.R.3d 834.

Similarly, a trial court may not impose a harsher sentence because the court feels the jury was mistaken in its verdict. *Columbus v. Jones, supra.* In *Jones,* Judge Whiteside stated:

"Even more serious is the action of a sentencing judge increasing a defendant's penalty because the trial court feels the jury was mistaken in finding the defendant not guilty of another charged offense. Such action serves to destroy the effectiveness of the right to jury trial. The trial court is required to accept the jury's verdict and, in sentencing for an offense of which defendant was convicted, to give no consideration to the evidence tending to indicate defendant to be guilty of the offense of which he was found not guilty by the jury." *Id.,* 39 Ohio App.3d at 90, 529 N.E.2d at 950.

In the case at bar, the trial court stated that if defendant had pled guilty to robbery, he would have received a suspended sentence. Defendant did not plead guilty to robbery. His position was that, although he admitted to the theft, he did not use any force on the officer that would raise the offense to robbery. The jury agreed with defendant and found him guilty of theft only. Although he was found to be guilty of a lesser crime, the court stated that it disagreed with the verdict and sentenced him to a more severe penalty than it was prepared to give for the more serious crime of which he was acquitted. [2]

Usually, in a claim such as this, we would presume the regularity of the trial court and affirm the sentence on the principle that a judge is presumed to be unbiased. In the case at bar, however, we have a record to the contrary. The above-quoted dialogue makes it clear that defendant was given a harsher

1. In *O'Dell,* the court affirmed the sentence given by the trial court because the defendant had committed perjury at trial.

2. Pursuant to Crim.R. 31(C), a defendant who is found guilty of a lesser offense is found not guilty of the higher offense.

sentence because he chose to go to trial and the jury returned a verdict with which the trial judge did not agree.

Just as disturbing are the trial court's comments about the verdict in front of the jury. When the judge stated that he would have found defendant guilty of robbery and that the jury saved the defendant's "butt" and allowed him to "beat the robbery case" and then added he was tired of "processing guys like you," he seemed intent upon embarrassing the jury for its verdict.

The defendant in this case exercised his constitutional right to a trial by jury. A judge must respect this constitutional right. As Justice Potter Stewart said, "Respect for judicial process is a small price to pay for the civilizing hand of law, which alone can give abiding meaning to constitutional freedom." *Walker v. Birmingham* (1967) 388 U.S. 307, 321, 87 S.Ct. 1824, 1832, 18 L.Ed.2d 1210, 1220. A judge does not respect that right by comments that discredit a jury verdict.

Unfortunately, this is not the first time this court has observed this trial judge engage in demeaning comments. In *State v. Harrison* (Sept. 4, 1997), Cuyahoga App. No. 70764, unreported, 1997 WL 547969, this court noted the unrefined manner in which this trial judge, questioning the relevance of the evidence, told counsel to move the case along because the judge was "getting bored." In *State v. Conner* (June 27, 1996), Cuyahoga App. No. 65385, unreported, 1996 WL 355287, this court criticized the trial judge for saying he hopes that the defendant rots in hell and is assaulted every day in prison, and for telling the jury members that if they had acquitted the defendant, the judge would have the defendant sent to their neighborhoods. In *State v. Wright* (Nov. 2, 1995), Cuyahoga App. No. 68027, unreported, 1995 WL 643733, this court stated, "We are deeply disturbed by the court's directive which urged the jury to reach a timely verdict. Such transgression is at best improper. At worst, it embodies a blatant disrespect for the critical, deliberative function of the jury and displays a cavalier attitude on the part of the court which can seriously erode public confidence," In *State v. Paige* (Dec. 22, 1994), Cuyahoga App. No. 66743, unreported, 1994 WL 716530, this court, while affirming the sentence, was concerned that the judge's language implied that he was punishing defendant for going to trial. The court expressed the same concern in *State v. Williams* (Oct. 19, 1995), Cuyahoga App. No. 67970, unreported, 1995 WL 614501, although this court again affirmed the sentence. This court has repeatedly noted its disapproval of the judge's improper comments.

This time, however, there is evidence that the judge went further than words. The judge repeatedly reminded the defendant of the substantially lenient sentence the judge had been prepared to offer if the defendant had accepted the plea bargain. The judge explained that he wanted defendant to "accept responsibility." We agree that accepting responsibility is important. The Sixth Circuit in

*United States v. Derrick*, 519 F.2d at 4, pointed out that an admission of guilt is perhaps the first and largest step toward ultimate rehabilitation and, therefore, an admission may explain a more lenient sentence following a plea. In the case at bar, however, defendant unequivocally admitted the theft and took responsibility for that crime. He then exercised his right to prove that he did not commit a robbery. The jury agreed and the trial judge must respect that decision.

The context makes clear, however, that the only way defendant could show to the judge that he accepted responsibility was to confess that he had shoved the officer—a detail that is an element of robbery, of which the judge was convinced the defendant was guilty.[3] The judge then proceeded to give a sentence based upon defendant's failure to confess what the jury had acquitted him of. The trial court may not impose a penalty upon a defendant for exercising a constitutional right to trial. A sentence that considers, even if only in part, a defendant's refusal to accept a plea bargain, infringes upon the defendant's right to trial. *United States v. Stockwell* (C.A.9, 1973), 472 F.2d 1186.

Accordingly, the fourth assignment of error is sustained.

"V. Mr. Warren was denied his rights to effective assistance of counsel guaranteed by Art. I, Sect. 10 of the Ohio Constitution and the Sixth and Fourteenth Amendment to the United States Constitution when counsel failed to object to the trial court's instruction that no questions would be allowed or to the punishment of Mr. Warren for refusing to plead to the indictment and exercising his right to go to trial."

In this assignment, defendant argues that he was denied effective assistance of counsel because defense counsel failed to object when the court told the jury the court would not answer any questions. Specifically, the court stated as follows:

"I believe that this case has been presented to you sufficiently clear [*sic* ] and, therefore, I'm going to indicate to you that we are not prepared to answer any questions. We are not in the business of answering any questions. You can adequately determine the case based upon the evidence that you have before you."

---

**3.** As an explanation for why it was important to him that people accept "responsibility for their activity," the judge noted how "busy" he was with "1200 cases a year." Mentioning the judge's schedule as a reason for a sentence—no matter how indirectly expressed—is improper. " 'Courts must not use the sentencing power as a carrot and stick to clear congested calendars, and they must not create an appearance of such a practice.' " *People v. Scott* (1993), 256 Ill.App.3d 844, 194 Ill.Dec. 959, 628 N.E.2d 456, 464, quoting *United States v. Stockwell* (C.A.9, 1973), 472 F.2d 1186.

The prosecutor argues that the court never said it would not answer questions and that the statement was an admonition for the jury to focus on the main issue in the case—the amount of force defendant used.

Once again, while we do not approve statements by a judge who implies that the jury should not ask questions or, at least, who strongly implies that he will not answer any, we cannot say that trial counsel's failure to object on this point denied defendant of his right to effective assistance of counsel. The court never explicitly refused to answer any specific questions. Moreover, defendant has not presented any questions that the jury failed to ask because of the court's statement. Accordingly, this assignment is overruled.

The judgment is affirmed in part and reversed in part and the cause is remanded for modification of the sentence in accordance with this opinion.

*Judgment accordingly.*

NAHRA, P.J., and PATTON, J., concur.