UNITED STATES of America,
Plaintiff–Appellee,

v.

Rawle Anthony COLE, a/k/a Danny,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Stacey Lature Hayden, a/k/a Big
Girl, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Shanreca Lashon Crawford, a/k/a
Reca, Defendant–Appellant.

Nos. 99–4348, 99–4439, 99–4453.

United States Court of Appeals,
Fourth Circuit.

Submitted June 27, 2000.

Decided July 11, 2000.

Filed Jan. 16, 2001.

Herbert W. Louthian, Jr., Deborah R.J. Shupe, Louthian Law Firm, Jonathan M. Harvey, William N. Nettles, Columbia, SC, for appellants. J. Rene Josey, United States Attorney, Marshall Prince, Assistant United States Attorney, Office of the United States Attorney, Columbia, SC, for appellee.

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

OPINION

PER CURIAM.

The Defendants appeal the criminal judgments convicting them of several drug-related offenses. The Defendants participated in a drug distribution conspiracy in the area of Lancaster County, South Carolina, involving crack cocaine. Stacy Hayden assigns error to the district court's warning that she would face a sentencing enhancement for obstruction of justice if she lied to the court during a suppression hearing, arguing that it denied

her the opportunity to present a defense against the Government's evidence on the motion and that it interfered with her counsel's ability to make independent decisions about how to conduct the defense. All the Defendants assign error to the court's refusal to give a multiple conspiracies instruction to the jury, arguing that the evidence did not establish a single overall conspiracy. We have reviewed the record and find no error. We therefore affirm.

■■■■ We find that the district court's warning to Hayden regarding a possible obstruction of justice enhancement to her sentence if she was convicted did not chill or impair her right to testify, or interfere with her right to present a defense to admission of the statement at issue. *See United States v. Dunnigan,* 507 U.S. 87, 96, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (holding a defendant does not have a right to commit perjury); *United States v. Webber,* 208 F.3d 545, 552 (6th Cir.2000) (holding that instruction regarding obstruction of justice enhancement was a "non-coercive explanation of the law"); *United States v. Padron,* 938 F.2d 29, 30 (2d Cir. 1991) (affirming conviction because the circumstances of the proceeding made the possibility of an enhancement "very real"). We also find that the district court did not err by denying the request that the jury be instructed on multiple conspiracies. *See United States v. Kennedy,* 32 F.3d 876, 884 (4th Cir.1994); *United States v. Crockett,* 813 F.2d 1310, 1316–17 (4th Cir.1987).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*