Case vacated and remanded by Supreme Court
order filed 1/16/01.

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4348

RAWLE ANTHONY COLE, a/k/a Danny,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

                                                        No. 99-4439

STACEY LATURE HAYDEN, a/k/a Big
Girl,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

                                                        No. 99-4453

SHANRECA LASHON CRAWFORD, a/k/a
Reca,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-98-1126-DWS)

Submitted: June 27, 2000

Decided: July 11, 2000

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Herbert W. Louthian, Jr., Deborah R. J. Shupe, LOUTHIAN LAW
FIRM, Columbia, South Carolina; Jonathan M. Harvey, Columbia,
South Carolina; William N. Nettles, Columbia, South Carolina, for
Appellants. J. Rene Josey, United States Attorney, Marshall Prince,
Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The Defendants appeal the criminal judgments convicting them of
several drug-related offenses. The Defendants participated in a drug
distribution conspiracy in the area of Lancaster County, South Caro-
lina, involving crack cocaine. Stacy Hayden assigns error to the dis-
trict court's warning that she would face a sentencing enhancement
for obstruction of justice if she lied to the court during a suppression
hearing, arguing that it denied her the opportunity to present a defense
against the Government's evidence on the motion and that it inter-
fered with her counsel's ability to make independent decisions about
how to conduct the defense. All the Defendants assign error to the
court's refusal to give a multiple conspiracies instruction to the jury,

2

arguing that the evidence did not establish a single overall conspiracy. We have reviewed the record and find no error. We therefore affirm.

We find that the district court's warning to Hayden regarding a possible obstruction of justice enhancement to her sentence if she was convicted did not chill or impair her right to testify, or interfere with her right to present a defense to admission of the statement at issue. See United States v. Dunnigan, 507 U.S. 87, 96 (1993) (holding a defendant does not have a right to commit perjury); United States v. Webber, 208 F.3d 545, 552 (6th Cir. 2000) (holding that instruction regarding obstruction of justice enhancement was a"non-coercive explanation of the law"); United States v. Padron, 938 F.2d 29, 30 (2d Cir. 1991) (affirming conviction because the circumstances of the proceeding made the possibility of an enhancement"very real"). We also find that the district court did not err by denying the request that the jury be instructed on multiple conspiracies. See United States v. Kennedy, 32 F.3d 876, 884 (4th Cir. 1994); United States v. Crockett, 813 F.2d 1310, 1316-17 (4th Cir. 1987).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED