{¶ 1} This cause is before this court on remand from the Ohio Supreme Court. In State v. Evans, Cuyahoga App. No. 85396, 2005-Ohio-3847,("Evans I") we affirmed Evans' conviction but held that the trial court failed to make any of the statutory findings required to impose an additional three-year sentence for the repeat violent offender specification. We vacated Evans' entire sentence and remanded the case for resentencing. We also vacated the firearm specification. As a result of our holding, we further declined to address other alleged sentencing errors, finding them moot because Evans was to receive a new sentencing hearing.
 {¶ 2} In State v. Evans, 113 Ohio St.3d 100, 2007-Ohio-861,863 N.E.2d 113, the Ohio Supreme Court reversed our decision and held that an appellate court may not vacate and remand an entire sentence imposed upon a defendant when the error in sentencing pertains only to a sanction imposed for one specification. The Court further determined that "App.R. 12(A)(1)(c) requires an appellate court to decide each assignment of error and give written reasons for its decision unless the assignment of error is made moot by a ruling on another assignment of error." Id. at paragraph two of the syllabus. Accordingly, the Supreme Court remanded the case to this court for further consideration in conformity with the Court's decisions in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, and State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, 846 N.E.2d 824. *Page 4 
 {¶ 3} For the following reasons, we find merit in Evans' third assignment of error and remand the case for resentencing.
 {¶ 4} In 2004, Evans was charged with rape and kidnapping, both of which had a repeat violent offender specification, a one-year firearm specification, a three-year firearm specification, and a sexually violent predator specification; the kidnapping charge also included a sexual motivation specification. Following a bench trial, the court convicted Evans of rape, kidnapping, a one-year firearm specification, a repeat violent offender specification, a sexual motivation specification, and a sexually violent predator specification. The trial court sentenced him to concurrent ten-year prison terms for the rape and kidnapping convictions, consecutive to a one-year term of incarceration for the firearm specification, consecutive to a three-year term for the repeat violent offender specification, and followed by an indefinite life sentence for the sexually violent predator specification, for a total of 14 years to life. The court also classified Evans as a sexual predator.[1]
 {¶ 5} In his original appeal, Evans argued that his maximum ten-year sentence was contrary to law. He alleged that the trial court violated his right to allocution and imposed a maximum sentence in retaliation for his exercising his right to trial rather than accepting a plea agreement. For the following reasons, we agree *Page 5 
that the trial court violated his right to allocution and, therefore, remand this case for resentencing.
 Right to Allocution {¶ 6} The Ohio Supreme Court has determined that Crim.R. 32(A)(1) confers an absolute right of allocution. State v. Green,90 Ohio St.3d 352, 358, 2000-Ohio-182, 738 N.E.2d 1208; State v. Campbell,90 Ohio St.3d 320, 324-325, 2000-Ohio-183, 738 N.E.2d 1178. "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed." Defiance v. Cannon (1990),70 Ohio App.3d 821, 828, 592 N.E.2d 884, 8 Anderson's Ohio App. Cas. 113. See, also, State v. Muntaser, Cuyahoga App. No. 81915, 2003-Ohio-5809.
 {¶ 7} A review of the record shows that, although the trial court asked Evans whether he had anything to say, the court also cut off Evans during his allocution. We agree that the right to allocution is not uncircumscribed and a trial court does not err when it limits a defendant's statements to those issues that bear upon the impending punishment and that may carry mitigating weight. See State v. Smith
(Nov. 8, 1995), Greene App. No. 94-CA-86. However, in the instant case, Evans was hardly afforded the chance to speak at all. At one point, Evans started to apologize, and the court cut him off four times, stating, "You said enough. So it's [the court's] turn to talk on behalf of the victim and on behalf of society." *Page 6 
 {¶ 8} Therefore, we find that Evans was not afforded his absolute right to allocution.
 Retaliatory Sentence {¶ 9} Evans next argues that the trial court punished him for going to trial. We disagree.
 {¶ 10} A defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement. State v. O'Dell (1989), 45 Ohio St.3d 140, 147. It is improper to sentence a defendant more severely simply because he exercised his right to trial. Columbus v. Bee (1979), 67 Ohio App.2d 65,425 N.E.2d 404. The United States Supreme Court has held that a trial court violates the Due Process Clause of the Fourteenth Amendment when it imposes a harsher sentence motivated by vindictive retaliation.North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072,23 L. Ed. 2d 656.
 {¶ 11} "The court cannot punish an accused for rejecting an offered plea bargain and electing to proceed to trial. State v. Paul, Cuyahoga App. No. 79596, 2002-Ohio-591, quoting State v. O'Dell (1989),45 Ohio St.3d 140, 543 N.E.2d 1220, paragraph two of the syllabus. Vindictiveness on the part of a sentencing court is not presumed merely because the sentence imposed is harsher than one offered in plea negotiations. State v. Mitchell (1997), 117 Ohio App.3d 703,691 N.E.2d 354. To determine whether a court acted with vindictiveness, we look to see whether the record affirmatively shows retaliation as a result of the rejected plea bargain. Paul, *Page 7 
supra, citing State v. Warren (1998), 125 Ohio App.3d 298, 307,708 N.E.2d 288. There must be some positive evidence which portrays a vindictive purpose on the court's part. State v. Finley, Montgomery App. No. 19654, 2004-Ohio-661.
 {¶ 12} Ohio cases regarding vindictive sentencing most often discuss instances where a defendant is resentenced to a greater sentence than his or her original sentence after an appeal or withdrawal of a guilty plea. Nevertheless, Evans fails to cite any authority or similar cases to support his argument that the trial court retaliated against him by sentencing him to the maximum because he went to trial.
 {¶ 13} We find no evidence demonstrating that the trial court had a vindictive purpose in sentencing Evans. Although the trial court indicated to Evans that he could have pled to a lesser charge, the court never said, nor even intimated, that it was sentencing Evans to the maximum because he went to trial.
 {¶ 14} In the instant case, the court heard testimony at trial, including Evans' testimony. During the course of receiving evidence, a trial judge may well gain "a fuller appreciation of the nature and extent of the crimes charged" as well as receiving "insights into [the offender's] moral character and suitability for rehabilitation."State v. Mitchell (1997), 117 Ohio App.3d 703, 706, 691 N.E.2d 354, quoting Alabama v. Smith (1989), 490 U.S. 794, 104 L. Ed. 2d 865,109 S. Ct. 2201. Moreover, "while a defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement, there is no federal or state constitutional right to lie on the witness stand. A defendant's act *Page 8 
of lying while under oath is probative of his prospects for rehabilitation." O'Dell, supra at 147.
 {¶ 15} Here, the trial court considered that Evans changed his version of the crime by admitting at trial that he had consensual sexual contact with the victim and denying during the presentence investigation having had any sexual contact with the victim. The trial court also considered Evans' criminal history, including a prior conviction for rape.
 {¶ 16} We caution trial courts to carefully choose words that do not give even an intimation that a sentence is based on a defendant's exercising his right to trial. We find in the instant case, however, that Evans has not shown that the court gave him a greater sentence because he exercised that right.
 {¶ 17} Therefore, we sustain this assignment of error in part and vacate Evans' sentence due to the violation of his right to allocution.
 {¶ 18} Accordingly, we remand the case for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
COLLEEN CONWAY COONEY, JUDGE
ANN DYKE, P.J. CONCURS; SEAN C. GALLAGHER, J. DISSENTS IN PART (WITH SEPARATE OPINION)
[1] The underlying facts are set forth in Evans I.