JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Dai John Williams appeals from his convictions in four *Page 3 
separate matters which were jointly considered and disposed of by the trial court. For the reasons set forth below, we affirm defendant's convictions, but vacate the sentences in each of the matters and remand for resentencing.
 {¶ 2} On April 15, 2005, defendant (a.k.a. David Martin) was indicted in Case No. 464785 for driving under the influence, in violation of R.C. 4511.19, with three furthermore clauses alleging prior convictions for this offense. On December 6, 2006, defendant (a.k.a. David Martin) was indicted in Case No. 489378 for three counts of tampering with records, three counts of forgery and one count of identity fraud. On January 26, 2007, defendant was indicted in Case No. 491350 for trafficking in 1-5 grams of crack cocaine, possession of 1-5 grams of crack cocaine, possession of criminal tools and resisting arrest. On April 18, 2007, defendant was indicted in Case No. 495207 for possession of between 25 and 100 grams of crack cocaine, trafficking in between 25-100 grams of crack cocaine, possession of criminal tools and driving under the influence of alcohol and/or a drug of abuse.
 {¶ 3} In all four matters, defendant's trial counsel asked the court to refer the matter to the court psychiatric clinic. The trial court then referred the matters to the clinic for competency and sanity determinations. The record further reflects that, on August 20, 2007, prior to the trial court's acceptance of the report of the court psychiatric clinic, a capias was issued for defendant in each of the cases.
 {¶ 4} On February 21, 2008, defendant entered into a plea agreement with the state on all four cases. At this time, defendant's trial attorneys informed the trial court that they were withdrawing their requests to have defendant evaluated by the *Page 4 
court psychiatric clinic. In Case No. 464785, defendant pled guilty to a misdemeanor charge of driving under the influence of alcohol and/or drugs. In Case No. 489378, he pled guilty to two counts of attempted tampering with records, and the charge of identity fraud. In Case No. 491350, he pled guilty to the charge of drug trafficking, and in Case No. 495207, he pled guilty to the charges of drug trafficking and driving under the influence of alcohol and/or drug abuse. All other charges were dismissed. The trial court subsequently sentenced defendant to three years of imprisonment in Case No. 495207, plus lesser concurrent terms[1] in the other matters.
 {¶ 5} Defendant now appeals and assigns two errors for our review.
 {¶ 6} Defendant's first assignment of error states:
 {¶ 7} "The trial court committed reversible error by failing to conduct the mandatory competency hearing once the issue has been raised prior to trial."
 {¶ 8} Pursuant to R.C. 2945.37,
 {¶ 9} "(C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation * * *."
 {¶ 10} In State v. Eley, 77 Ohio St.3d 174, 1996-Ohio-323,672 N.E.2d 640, the Ohio Supreme Court determined that the defendant waived his right to a *Page 5 
competency evaluation, which he had previously requested, where he withdrew his challenge to his competency. The court further determined that, if the waiver were deemed invalid, any error by the trial court in not conducting a hearing was harmless, since the record failed to demonstrate incompetency.
 {¶ 11} Accord State v. Minyard (Sept. 22, 1994), Cuyahoga App. No. 65587 (where the defendant withdrew his motion for a competency evaluation, trial court was not required to proceed with competency evaluation).
 {¶ 12} Likewise, in this matter, the motion was withdrawn, and the circumstances herein do not demonstrate any evidence of insanity.
 {¶ 13} Defendant's second assignment of error states:
 {¶ 14} "The trial court committed reversible error by failing to offer the Appellant his opportunity to be heard at his sentencing other than to establish his indigency with regard to the mandatory fine involved."
 {¶ 15} Crim. R. 32(A)(1) provides in pertinent part:
 {¶ 16} "Sentence shall be imposed without unnecessary delay. * * * At the time of imposing sentence, the court shall do all of the following:
 {¶ 17} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 18} In State v. Campbell (2000), 90 Ohio St.3d 320, 2000-Ohio-183,738 N.E.2d 1178, the Ohio Supreme Court considered the right of allocution and held as *Page 6 
follows:
 {¶ 19} "1. Pursuant to Crim. R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 20} "2. Crim. R. 32(A)(1) applies to capital cases and noncapital cases.
 {¶ 21} "3. In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim. R. 32(A), resentencing is required unless the error is invited error or harmless error." Id., at paragraphs one, two, and three of the syllabus.
 {¶ 22} The Ohio Supreme Court has also held that Crim. R. 32(A)(1) confers an absolute right of allocution. State v. Green,90 Ohio St.3d 352, 358, 2000-Ohio-182, 738 N.E.2d 1208. "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed." Defiance v. Cannon (1990),70 Ohio App.3d 821, 828, 592 N.E.2d 884.
 {¶ 23} In this case, a review of the record reveals that the trial court asked whether either of defendant's trial attorneys would like to be heard. The court administered the oath to defendant and addressed him with regard to the issue of indigency but did not fulfill the mandatory duty set forth in Crim. R. 32 of providing the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed. *Page 7 
Accordingly, we are compelled to conclude that defendant was not afforded his absolute right of allocution. The sentences previously set forth in these matters are therefore vacated and the matters are remanded for resentencing. Accord State v. Evans, Cuyahoga App. No. 85396, 2007-Ohio-3278.
 {¶ 24} The second assignment of error is well-taken.
 {¶ 25} Convictions remain in effect, sentences are vacated and the matters are remanded for resentencing.
It is ordered that appellee and appellant split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and FRANK D. CELEBREZZE, J., CONCUR.
[1] In Case No. 464785, defendant was sentenced to six months in jail. In Case No. 489378, he was sentenced to a total of seventeen months of imprisonment. In Case No. 491350, he was sentenced to seventeen months of imprisonment. All terms were ordered to run concurrently. *Page 1