UNITED STATES of America,
Plaintiff-Appellee,

v.

LeRoy WILEY, Defendant-Appellant.
No. 12853.

United States Court of Appeals
Seventh Circuit.

May 23, 1960.

Charles B. Evins, R. Eugene Pincham, Glenn C. Fowlkes, Chicago, Ill., for defendant-appellant.

Robert Tieken, U. S. Atty., Charles R. Purcell, Jr., Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel.

Before DUFFY and SCHNACKENBERG, Circuit Judges, and PLATT, District Judge.

SCHNACKENBERG, Circuit Judge.

This appeal by LeRoy Wiley, defendant, is from a judgment of the district court, entered October 22, 1959, denying his application for probation, a judgment entered October 23, 1958, insofar as it adjudged him guilty of a violation of 18 U.S.C.A. § 659, having been theretofore affirmed by this court (United States v. Wiley, 267 F.2d 453, 455).

In his prior appeal, Wiley was unsuccessful in securing a reversal of the 1958 judgment, insofar as it adjudged him guilty on count II of an indictment which charged him and Ulysses McGhee, Joseph Helen, Joseph M. Kelley and Roman Jackson with unlawfully, willfully, knowingly and feloniously having in their possession certain dresses, unlawfully stolen while moving in an interstate shipment and known by them to have been stolen. However, on the prior appeal, we sustained Wiley's contention that the district court was required by 18 U.S.C.A. § 3651 and 18 U.S.C.A. rule 32 of the Federal Rules of Criminal Procedure to receive and act upon his application for probation. Accordingly, we held that the trial judge erred in refusing so to do, in reliance upon his announced standing policy that he does not consider an application for probation by a defendant who pleads not guilty and stands trial.

Although we affirmed the first judgment against Wiley, we remanded the cause to the district court for consideration of his application for probation. United States v. Wiley, supra, 267 F.2d 456.

It will be noted that the court purported to sentence Wiley originally in this case on October 23, 1958. It was four days later that the court sentenced the four co-defendants. At that time it was pointed out by the government's attorney that McGhee had *four* prior felony convictions and was characterized as the "ring leader" in this matter. It was pointed out that there is evidence "that subsequent to this offense and while he was out on bond he committed two other similar offenses for which we did not indict him because of the pendency of this matter here." A showing was made to the court that Helen, Kelley and Jackson had records of prior convictions. The court thereupon pronounced the following prison sentences: Ulysses McGhee, 2 years; Joseph Helen, 1 year and 1 day; Joseph M. Kelley, 1 year and 1 day (commencing on termination of sentence being served in the Cook county, Illinois, jail); and Roman Jackson 1 year and 1 day.

On November 7, 1958, the district judge heard the motion of Ulysses McGhee to vacate an order setting his appeal bond and the following colloquy between the court and counsel ensued:

Mr. Grady, government counsel (referring to McGhee):

"Here is a man with five prior felony convictions, your Honor, and you gave him two years."

\* \* \* \* \* \*

The Court: "I had the benefit of the trial of the co-defendant [Wiley] who pled not guilty. I did not know myself what would be a fair sentence, taking into consideration his plea of guilty.

"Now, after all these occurred and after I had read the FBI report, I came to the conclusion that in view of his former record and also in view of what I regarded as his principal participation in this crime, that he deserved a greater sentence than some of his co-defendants who, in my opinion, had a minor participation in the crime compared to his.

"Accordingly, the one who stood trial, I believe I gave three years to him, did I not?"

Mr. Grady: "That is right."

The Court: "And to this particular defendant who pled guilty, and whom I regarded, after my review of all of the facts and the FBI reports, and after my hearing of the evidence in the case where one of the defendants pled not guilty [Wiley], I came to the conclusion that this particular defendant [McGhee] was somewhat of a ringleader and I gave him two years, less than a minor participant who stood trial [Wiley], but greater than other minor participants who, like this defendant, had pled guilty."

Upon the filing of our mandate in the district court, the trial judge proceeded with a hearing on the motion of Wiley for probation. The minister of a church and a member of the Illinois Youth Commission Advisory Board, who was an aunt of the defendant, as well as his wife and mother of his three minor children, and Wiley [1] testified in support of the motion. In opposition, Otto Handwerk, an agent for the Federal Bureau of Investigation, testified as to defendant's connection with the crime for which he had been convicted, which in substance was that defendant *McGhee had told* Handwerk that Wiley had put McGhee in contact with people who would buy the merchandise which McGhee and the other defendants had stolen from a truck and that he (McGhee) had paid defendant Wiley for this service of getting a fence.

The court thereupon made the following statement:

"Well, the hearing today may have brought out in greater detail some of the factors which I had before me at the time of the imposition of sentence, but certainly has brought out no new evidence. Everything that was brought out here today was thoroughly and, I thought, quite ably discussed and stated to the Court by the attorney for the defendant at the time of the original imposition of sentence.

"As I observed at that time, I made the sentence then less than I otherwise would by reason of certain features to which I then alluded [2] —and it is still my opinion that he is entitled to that consideration in view of those factors.

"At that time I denied probation and I have heard nothing further at this hearing in addition to what was fully before me then. My decision is still the same.

"The application for probation is denied and the sentence heretofore imposed is reimposed; that is to say, that on the judgment of guilty heretofore entered by this Court and affirmed by the Court of Appeals, the defendant is now sentenced to the custody of the Attorney General of the United States to be incarcerated in the penitentiary of the United States for a term of three years. * * * *"

■■ In our prior opinion, we stated that the trial court's decision on whether or not probation shall be granted in any particular case is seldom set aside except for abuse of discretion. United States v. Wiley, supra, 267 F.2d 455. While we are strongly of the opinion that, if we were sitting in this case in place of the district judge, we would have granted Wiley probation, we are not convinced that his taking an opposite view shows that he abused his discretion. He did conduct a hearing as required by our mandate and in that respect we will let the matter rest. However, on this appeal, we are confronted with another

1. Wiley testified that when he was 13 years old he was arrested because he had in his possession some watches which someone had taken, and he was placed on six months probation.

2. The court evidently referred to Wiley's waiver of a trial by jury and his stipulation of various items which expedited the proof.

question. It has to do with the sentence imposed upon Wiley. As above pointed out, the trial judge sentenced Wiley to 3 years' imprisonment on October 23, 1958. He refused a request by Wiley's counsel that a presentence report on Wiley be obtained. The proceedings with respect thereto are set out extensively in Judge Hastings' separate opinion in United States v. Wiley, supra, 267 F.2d 457, where it appears that the government counsel informed the court that Wiley had no prior criminal record. It appears in the record in the present appeal that upon remandment, the trial court not only again denied probation to Wiley but also "reimposed" the three year sentence. His counsel on this appeal earnestly contend that the district court abused its discretion in imposing this sentence.

The record abundantly shows that the court was fully informed as to the serious prior criminal records of convictions of all of Wiley's co-defendants. McGhee's attorney informed the court that McGhee's felony convictions were for confidence game, burglary, violation of the Dyer Act, 18 U.S.C.A. §§ 10, 2311–2313, and armed robbery. The trial court's own remarks show that he considered Wiley "a minor participant who stood trial".

 Government counsel in this court urge that "the interest of justice is best served when the trial judge acts as a court of last resort on questions of sentencing * * *". Only in an exceptional case will this court interfere with the discretion exercised by a district court in imposing a sentence upon a defendant in a criminal case. However, where the facts appearing in the record point convincingly to the conclusion that the district court has, without any justification, arbitrarily singled out a minor defendant for the imposition of a more severe sentence than that imposed upon the co-defendants, this court will not hesitate to correct the disparity. In so doing it is exercising its supervisory control of the district court, in aid of its appellate jurisdiction. This control is nec-

essary to proper administration in the federal system. LaBuy v. Howes Leather Co., 352 U.S. 249, 259, 77 S.Ct. 309, 1 L.Ed.2d 290. This is a control which we are not frequently required to exercise. On this occasion we have done so, not hastily, but with proper intimation in our opinion on the prior appeal of Wiley, as to what course the district court should pursue in disposing of this case on remandment. In United States v. Wiley, supra, 267 F.2d at page 456, we said:

> " * * * While the severity of the sentence imposed on the defendant is irrelevant in deciding this appeal, we must point out the disparity between the sentence imposed by the court on Wiley, an *accessory*, and McGhee, *the principal*, driver of the truck and the most active participant in the crime. According to the uncontradicted statement of the government attorney, appearing in the record, McGhee had four prior felony convictions, was the ringleader in this matter, and, subsequent to this offense and while out on bond, committed two other similar offenses. Yet he was sentenced to prison for *two* years, while defendant Wiley, who had no prior criminal record, was sentenced to prison for *three* years."

It is true that in this language there were no words of imperativeness. We pointed out that the severity of Wiley's sentence was irrelevant in our decision of that appeal. However, those views were purposely stated as an intimation to the district court. In Yates v. United States, 356 U.S. 363, 366, 78 S.Ct. 766, 768, 2 L.Ed.2d 837, the court recognized that reduction of a sentence normally ought not to be made by a reviewing court and should be left on remandment to the sentencing court with "gentle intimations of the necessity for such action, to the District Court." As the Supreme Court there pointed out, when the district court thereupon sought to justify the original sentence, the reviewing court "has no alternative except to exercise its supervisory power over the administration of

**504**

justice in the lower federal courts by setting aside the sentence of the District Court."

■ Nor can the disparity in sentences imposed here be justified on the ground that Wiley asked for a trial. As we said in our former opinion, 267 F.2d at page 456:

"* * * the defense certainly was not frivolous nor does it appear to have been presented in bad faith."

Our part in the administration of federal justice requires that we reject the theory that a person may be punished because in good faith he defends himself when charged with a crime, even though his effort proves unsuccessful. It is evident that the punishment imposed by the district court on Wiley was in part for the fact that he had availed himself of his right to a trial, and only in part for the crime for which he was indicted.

For these reasons we set aside the three years' sentence imposed and reimposed by the district court on Wiley and we remand this case to that court for a proper sentence not inconsistent with the views herein expressed.

Sentence set aside and cause remanded with directions.

DUFFY, Circuit Judge (concurring).

The trial judge announced from the bench that it was the standard policy in his court that once a defendant stands trial, probation for such a defendant would not be considered. This policy or rule is self-imposed. It is contrary to the statute and the rule of criminal procedure authorizing probation. Such a rule should not be followed. A defendant in a criminal case should not be punished by a heavy sentence merely because he exercises his constitutional right to be tried before an impartial judge or jury.

In the case at bar, McGhee, the four-time convicted felon, and the ringleader, received a two-year term. The three defendants other than Wiley, all of whom had criminal records, received sentences of one year and a day. Yet, Wiley, who had a good previous record except for one juvenile matter when he was thirteen years old, received a three-year term. A realistic appraisal of the situation compels the conclusion that Wiley's comparatively severe sentence was due to the fact that he stood trial. No other possible basis is suggested for the disparity. Consciously or not, the learned trial judge again applied the standard of his rule when he reimposed the three-year sentence. I agree this sentence should not be permitted to stand.