**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles FLOHR, Defendant-Appellant.**

**No. 72-2136.**

United States Court of Appeals, Ninth Circuit.

Jan. 26, 1973.

---

Charles F. Moses (argued), Billings, Mont., for defendant-appellant.

Keith L. Burrowes, Asst. U. S. Atty. (argued), Otis L. Packwood, U. S. Atty., for plaintiff-appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and WEIGEL, District Judge.*

* Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

HAMLIN, Circuit Judge:

Appellant Charles Flohr was convicted by a jury in the United States District Court for the District of Montana on two counts of an indictment. Count I charged him with possession, with intent to defraud, of approximately $139,000 in forged and counterfeited obligations of the United States, in violation of 18 U.S.C. § 472. Count II charged Flohr with actually counterfeiting the above obligations in the said amount, in violation of 18 U.S.C. § 471.

The district court sentenced Flohr to a term of four years as to Count I and seven years as to Count II, the sentences to run concurrently.

Flohr does not question the sufficiency of the evidence against him on either count. At trial he admitted that he had taken part in the counterfeiting operations, but contended he had done so only because of threats and coercion by one of his four co-defendants. This was a jury question which the jury decided against him.

On appeal Flohr contends (1) that he was prejudiced by the reference at the trial to a sack containing counterfeit obligations in the sum of approximately $94,000, which was not introduced into evidence, and (2) that he received an excessive sentence. We affirm.

Appellant's first contention requires a brief explanation of the facts. Four other persons were charged with being involved with the appellant in the counterfeiting violations. They all entered pleas of guilty and testified as witnesses for the prosecution in appellant's trial. In describing the counterfeiting scheme, a Secret Service agent testified that he had received and counted two separate containers of counterfeit obligations.

One was a box, shown to be in Flohr's possession at the time of his arrest, containing the approximately $139,000 in counterfeit obligations which were the subject of the charges against appellant. The other was a yellow sack, obtained from a co-defendant's attorney, which the agent testified contained approximately $94,000 in counterfeit obligations.

The yellow sack and its contents, while physically present in the courtroom during Flohr's trial, was never received into evidence. Upon motion of Flohr's counsel, the jury was instructed by the Court to entirely disregard all reference to the yellow sack and the approximately $94,000 of counterfeit obligations in considering the issue of Flohr's guilt or innocence. Flohr contends that the cautionary instruction was ineffective to cure the claimed prejudice. We disagree.

██ In view of the totality of circumstances in this case, including the admissions by Flohr as to his part in the counterfeiting operations and the strong evidence against him, we conclude that the trial judge's cautionary instruction to the jury satisfactorily cured any possible prejudice emanating from the agent's reference to the yellow sack and its counterfeit contents.

Appellant's second contention likewise has no merit. All five of the co-defendants were shown to participate in different degrees in the counterfeiting operations. Different sentences were imposed by the court on the five defendants as shown in the margin.[1]

The sentencing judge has wide discretion in fixing the sentence of persons involved in a criminal undertaking. As stated in United States v. Tucker, 404 U.S. 443, 446–447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972): " . . . a trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose," and " . . . a sentence . . . if within the statutory limits, is generally not subject to review." *See also,* Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed. 2d 1405 (1958) and Blockburger v. Unit-

---

1. Virgo—5-year probation;
   Osborn—6-year sentence;
   Hegg—5-year deferred sentence and $1000 fine;
   Ploss—3-year deferred sentence and $1000 fine;
   Flohr—4-year and 7-year sentences, to run concurrently.

ed States, 284 U.S. 299, 305, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ There is nothing in the record to indicate that the district judge was in any way arbitrary in fixing appellant's sentence. He indicated at the time of sentence that, as we all know, the determination of a proper sentence is always a difficult task for a judge. The sentence given was well within the outside limits set forth in the statute.[2] Appellant's reliance on the case of United States v. Wiley, 278 F.2d 500 (7th Cir. 1960) is misplaced. Here, there was no indication of improper or arbitrary action by the trial judge, nor were any impermissible standards employed in imposing sentence.

Judgment affirmed.

---

2. Flohr could have been sentenced to a maximum of 15 years on each count. See 18 U.S.C. §§ 471 and 472.