**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Lee STOCKWELL, Defendant-Appellant.**

No. 72-1694.

United States Court of Appeals, Ninth Circuit.

Jan. 11, 1973.

Certiorari Denied April 23, 1973.
See 93 S.Ct. 1924.

Anthony Murray (argued), of Hitt, Murray & Caffray, Long Beach, Cal., for defendant-appellant.

Vincent John Marella, Asst. U. S. Atty. (argued), Curtis B. Rappe, Eric A. Nobles, John F. Walter, Asst. U. S. Attys., William D. Keller, U. S. Atty., for plaintiff-appellee.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and SKOPIL, District Judge.*

ALFRED T. GOODWIN, Circuit Judge:

The only substantial question in this appeal from a counterfeiting conviction is whether the sentence was lawfully imposed.

■ Before trial, the district judge told the defendant that if he were to plead guilty to one count he would receive a three-year sentence, as did a co-defendant who pled guilty. The court added that if the defendant chose to stand trial and was convicted he would receive a sentence of from five to seven years. The defendant elected to stand trial. He was convicted and given concurrent sentences of seven years for the five counts of which he was guilty. The total sentence could have been as much as fifteen years on one of the counts, with consecutive sentences on the others. There is no question but that the sentence was well within the statutory range of penalties, and ordinarily it would not be subject to review in this court. *See, e. g.,* Gollaher v. United States, 419 F.2d

520, 529–530 (9th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 434, 24 L.Ed.2d 424 (1969).

Here, however, the defendant contends he was punished with four additional years in prison for taking the court's time with a trial. While we do not believe that the experienced trial judge actually punished the defendant for standing trial, the record leaves unrebutted the inference drawn by the defendant.

■ If there was such a use of the sentencing power, the constitutional right to trial would be impaired. *See* Baker v. United States, 412 F.2d 1069, 1073 (5th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970); United States v. Wiley, 278 F.2d 500 (7th Cir. 1960).[1] The chilling effect of such a practice upon standing trial would be as real as the chilling effect upon taking an appeal that arises when a defendant appeals, is reconvicted on remand, and receives a greater punishment. *See* North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

■ We recognize the variety of considerations that can bear upon a sentence. A genuine admission of guilt may properly result in a lighter sentence than would be appropriate for an intransigent and unrepentant malefactor. *See, e. g.,* Gollaher v. United States, 419 F.2d at 530. However, courts must not use the sentencing power as a carrot and stick to clear congested calendars, and they must not create an appearance of such a practice.

■ Accordingly, once it appears in the record that the court has taken a hand in plea bargaining, that a tentative sentence has been discussed, and that a

---

* The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

1. We express no opinion on that portion of the decision in United States v. Wiley, 278 F.2d 500 (7th Cir. 1960), that might be thought to imply that disparities in the sentencing of codefendants are, ipso facto, subject to appellate review. Like our colleagues on the Seventh Circuit, however, we believe that "[o]ur part in the administration of federal justice requires that we reject the theory that a person may be punished because in good faith he defends himself when charged with a crime, even though his effort proves unsuccessful * * *." 278 F.2d at 504.

harsher sentence has followed a breakdown in negotiations, the record must show that no improper weight was given the failure to plead guilty. In such a case, the record must affirmatively show that the court sentenced the defendant solely upon the facts of his case and his personal history, and not as punishment for his refusal to plead guilty. *See generally* A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 1.8, at 36–37 (1968).

Other points urged on appeal are without merit. The judgment of conviction is affirmed, but the cause is remanded for resentencing.

Remanded.