**David R. ALEX, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3101.**

Supreme Court of Alaska.

March 31, 1978.

v.

STATE of Alaska, Appellee.

No. 3394.

Supreme Court of Alaska.

March 31, 1978.

Sue Ellen Tatter, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

### OPINION

PER CURIAM.

■ Appellant David Alex appeals a five year sentence[1] for the crime of burglary not in a dwelling. Five years is the maximum term of imprisonment allowed for a violation of AS 11.20.100, the statute under which Alex was charged and convicted.[2]

■ Alex has a lengthy criminal record, including several prior felony convictions. The record on appeal fails to convince us that the superior court was clearly mistaken in imposing the sentence that it did.[3] Accordingly, under our established standard of review, we must affirm the judgment of that court. *See McClain v. State,* 519 P.2d 811 (Alaska 1974).

AFFIRMED.

1. *See* AS 12.55.120; Rule 21, Alaska R.App.P.

2. The sentence was also made to run consecutively to another sentence being served by Alex, as permitted by AS 11.05.050. That sentence, imposed in 1974, was likewise for five years for the crime of burglary not in a dwelling. The present offense was committed after Alex absconded while on rehabilitation furlough.

3. Alex argues, *inter alia,* that the trial judge was improperly influenced by his plea of not guilty and insistence upon a trial. While we agree that a defendant should not be penalized merely because he chooses to exercise his constitutional right to be tried by an impartial judge or jury, *see United States v. Wiley,* 278 F.2d 500, 504 (7th Cir. 1960), we are not persuaded that the trial judge was significantly influenced by such considerations in this case.