JOURNAL ENTRY AND OPINION
Charles Daniels appeals a jury verdict finding him guilty of two counts of assault with a police officer specification, and the sentence imposed. He assigns the following as error for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PUNISHED THE DEFENDANT FOR EXERCISING HIS SIXTH AMENDMENT RIGHT TO A JURY TRIAL BY IMPOSING CONSECUTIVE TERMS OF INCARCERATION.
 II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE TERMS OF INCARCERATION WITHOUT SETTING FORTH THE MANDATORY FINDINGS REQUIRED BY R.C. 2929.14(E)(4) AND 2929.19(B)(2)(c-d).
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court.
Before Daniel's arrest for assault, an officer observed him tampering with a door and entering an apartment building. At trial, Security Officer Jimmy Strong testified he saw Daniels attempting to gain entrance into the building between 3:15 and 3:30 in the morning. Strong informed Daniels that he could not enter the building unless a resident allowed him entrance through the building's buzzer system. Strong twice told him to leave and later called the police. By the time the police arrived, Daniels had entered the building and apartment 223. The police found him in apartment 223 and discovered he had an outstanding warrant.
Officer Alan Almeida testified that Daniels hit him with closed fists while he had a handcuff around one wrist. He further stated Daniels became violent, twisting, kicking, and hit him in the face with the handcuff.
Officer Earline Robinson-Sanders verified Almeida's version of the incident and testified Daniels punched her in the face.
Detective George Peters testified he read Daniels the Miranda warnings and charged him with assault with a police officer specification.
Based on this testimony, the jury convicted Daniels, and the trial court sentenced Daniels to sixteen months for each count, consecutively.
In his first assigned error, Daniels argues the trial court sentenced him to consecutive terms because he refused the plea bargain agreement and opted for a trial by jury. Daniels specifically points to the following statements by the trial court:
 And the plea time appears to me to be about four and a half years, if the plea package is accepted, maximum time. However, the plea package would take with it the factor that we would then I would most likely see some remorse, which would, you know, cuts into some of those counts to make them less than maximum deserving or even community control sanction category.
 You think that's how the jury will see it, that's my question? Do you think that's how the jury will see it . . .
 I'm not going to waste the Jury's time anymore trying to talk to somebody who doesn't understand the realities of life.
Our standard of review is abuse of discretion. The query is whether on this record this court can definitely state that the trial court improperly weighed the defendant's refusal to plead guilty in meting out its punishment. The historical law is clear once it appears in the record that the court has taken a hand in the plea bargaining and a tentative sentence has been discussed, and a harsher sentence followed; the record must show that no improper weight had been given to defendant's failure to plead guilty. United States v. Stockwell (1973), 472 F.2d 1186; State v. Scalf (1998), 126 Ohio App.3d 614, 710, N.E.2d 1206.
In Scalf, the court stated on the record what the promised plea bargain sentence would be and then, at sentence, told the defendant that he would be punished for going to trial. Here, the trial court told appellant what his options were but never directly or indirectly promised Daniels a sentence. Also, the court never indicated on the record that it was punishing Daniels for going to trial; equally, we cannot infer this intent from the court's language in the record.
The court's language to Daniels was informative and not punitive. The court then explained to Daniels if he pled guilty, he would be referred to the probation department, it would compile a report indicating his family and educational background, and prior criminal history. Then, based upon all that information the court would determine an appropriate sentence. Additionally, Daniels was not given the maximum. Daniels argues it was harsher because of the consecutive term. However, the trial court outlined that Daniels' prior criminal activity motivated the sentence. Accordingly, Daniels' first assigned error is overruled.
In his second assigned error, Daniels asserts the trial court failed to make the mandatory findings when it sentenced him to consecutive terms of incarceration.
R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for selecting the sentence if it imposes consecutive sentences under R.C. 2929.14. Further, R.C. 2929.14(E) provides in part:
 If multiple terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In this case, the trial court stated the following before sentencing Daniels:
 Based on your long lengthy and ever increasing violent criminal history, the court finds that you are not amenable to community control sanctions. You have numerous drug offenses, numerous offenses of violence. You have served a prison term before. The position of the victims did facilitate the offense so far as they're in positions of authority and power and you sought to assault them on two counts.
 The court finds that assault on a police officer is a heinous crime in today's community and that your actions are such that the public needs protection as well as I do not want to demean the seriousness of the offense.
The trial court during sentencing found not only that assault on a police officer is a heinous crime in today's community, but that proportionally the court did not want to give a lesser sentence that might demean the seriousness of the offense. Additionally, the court found Daniels' prior criminal history of drugs and violence impactive on his sentence in this case. Consequently, we conclude that the record establishes that the trial court made the three-tiered findings for consecutive sentencing. The court found necessity to protect the public and that consecutive sentences were not disproportionate to the seriousness of Daniels' conduct. The court also commented on his act of assault on the policeman as well as the fact that he had served a prison term. Finally, the court found the offender's criminal history warranted this punishment. Accordingly, we are satisfied that the trial court made the necessary findings. Also, we note that under R.C. 2929.19(B)(2)(c), the trial court when imposing consecutive sentences must make findings and give its reasons. (Emphasis added.) See State v. Berry (March 9, 2000), Ohio App. No. 75470, 75471, LEXIS No. 910, State v. Jordon (Nov. 12, 1999), Ohio App. No. 73478, LEXIS No. 5393, State v. Collins (Dec. 11, 1997), Ohio App. No. 71717 LEXIS No. 5528, and State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. Here, the trial court stated as its reasons that police officers are in the community to protect it, and this type of an assault simply magnifies the danger they face on a daily basis. We believe this reasoning is sufficient to explain each of the three-tiered findings. Daniels' second assigned error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ PATRICIA ANN BLACKMON, J.
JAMES D. SWEENEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.