DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Matthew L. Paige, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(2) and one count of intimidation of a crime witness in violation of R.C. 2921.04(B). During the week of July 11, 2004, the residence of Keisha Lemons was burglarized. On or about July 14 or 15, 2004, while Lemons was out of town, she received a call from her neighbor, Tandy Smith. Smith reported that the door to Lemons' apartment was ajar and that it appeared that someone had entered the apartment.
 {¶ 3} Lemons returned home on July 19, 2004. At that time, Lemons called the police realizing that her residence had been burglarized. Lemons testified that multiple individuals had informed her that Appellant was responsible for the burglary. Another neighbor, Tony Morrow, testified that he witnessed Appellant in a car that backed up to Lemons' residence empty and left full of items, including a television sitting on the backseat next to Appellant. In addition, Morrow testified that he witnessed Appellant threaten Smith. Smith, however, testified that she had not been threatened by Appellant and had not witnessed him burglarize the apartment. Smith repeatedly denied that she had provided that information to officers during the initial investigation of the burglary.
 {¶ 4} At the conclusion of his trial, a jury found Appellant guilty of burglary and intimidation of a crime witness. Following the return of the guilty verdicts, Appellant pled guilty to a theft charge which had been severed from the above counts. As a result of his convictions and guilty plea, Appellant was sentenced to a total of four years incarceration. Appellant timely appealed his convictions, raising six assignments of error for review. For ease, several of Appellant's assignments of error have been consolidated.
 II. ASSIGNMENT OF ERROR I "THE CONVICTION OF APPELLANT FOR THE CHARGE OF BURGLARY IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF CRIMINAL RULE 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSE OF INTIMIDATION OF A CRIME VICTIM OR WITNESS BEYOND A REASONABLE DOUBT."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF CRIMINAL RULE 29(A), ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL."
 {¶ 5} In his first three assignments of error, Appellant asserts that his convictions are against the manifest weight of the evidence and that the State produced insufficient evidence to support the convictions. We disagree.
 {¶ 6} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
Therefore, we will address Appellant's assertion that his convictions were against the manifest weight of the evidence first as it is dispositive of Appellant's claim of insufficiency.
 {¶ 7} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Burglary
 {¶ 8} Appellant was convicted of burglary in violation of R.C. 2911.12(A)(2) which provides as follows:
"No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"
In support of his contention that his burglary conviction is against the manifest weight of the evidence, Appellant asserts that no witness testified that they saw Appellant enter Lemons' residence.
 {¶ 9} However, "[c]ircumstantial evidence and direct evidence inherently possess the same probative value[.]" State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph one of the syllabus. "Circumstantial evidence, furthermore, permits legitimate inferences." Waterville v. Lombardo, 6th Dist. No. L-02-1160, 2004-Ohio-475, at ¶ 18. In the instant matter, Morrow testified that he witnessed Appellant guiding a car that backed up to the rear of Lemons' residence. Morrow testified that the car was empty when it backed up to the residence. Morrow went on to testify that approximately twenty minutes later the car left the residence, now full of items including a television that was sitting next to Appellant in the back seat of the car. Lemons testified that both Morrow and Smith had informed her that Appellant was in the vicinity of her residence during the time of the burglary. Further, Lemons testified that no one had been given permission to enter her residence.
 {¶ 10} Accordingly, this Court cannot say that the jury lost its way when it relied upon the circumstantial evidence produced by the State. Ample evidence was presented that would permit the jury to infer that Appellant had entered Lemons' residence by stealth with the purpose of committing a criminal offense. Appellant's challenge to the weight of the evidence supporting his burglary conviction, therefore, lacks merit.
 Intimidation of a Crime Witness {¶ 11} Appellant was convicted of intimidation of a crime witness in violation of R.C. 2921.04(B) which provides as follows:
"No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
Appellant relies on Smith's testimony at trial in support of his claim that his conviction for intimidation of a crime witness is against the manifest weight of the evidence.
 {¶ 12} At trial, Morrow testified that he witnessed an argument between Appellant and Smith on or around July 14, 2004. Morrow testified that Smith retreated to her residence upon seeing Appellant and that he came to her door and began pounding on the door. Morrow went on to state that Appellant stated something similar to "I kill you" and called Smith a derogatory term. Further, at trial, the State demonstrated that Smith's testimony was significantly different than the information she had initially provided to the police during the investigation.
 {¶ 13} Accordingly, the State produced ample circumstantial evidence from which the jury could infer that Appellant's threats were designed to intimidate Smith and prevent her from testifying against him. Further, this Court will not overturn a verdict on a manifest weight challenge simply because the trier of fact chose to believe Morrow's testimony rather than Smith's testimony.State v. Merryman, 9th Dist. No. 02CA008109, 2003-Ohio-4528, at ¶ 28.
 {¶ 14} Having disposed of Appellant's challenges to the weight of the evidence, we similarly dispose of his sufficiency challenges. See Roberts, supra, at *5. Appellant's first, second, and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO PERMIT APPELLANT TO CROSS-EXAMINE MS. SMITH AS TO HER PENDING ROBBERY CHARGE."
 {¶ 15} In his fourth assignment of error, Appellant contends that the trial court erred in limiting his cross-examination of Smith. This Court disagrees.
 {¶ 16} We find that Appellant has not properly preserved his fourth assignment of error for review. A motion in limine is a request for a preliminary order regarding the admissibility of evidence that a party believes is either improper or irrelevant.Riverside Methodist Hosp. Assn. of Ohio v. Guthrie (1982),3 Ohio App.3d 308, 310. The purpose of a motion in limine is to alert the court of the nature of the evidence in order to remove discussion of the evidence from the presence of the jury until the appropriate time during trial when the court makes a ruling on its admissibility. Id. An appellate court need not determine the propriety of an order granting or denying a motion in limine, unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial.State v. Maurer (1984), 15 Ohio St.3d 239, 259-260.
 {¶ 17} Our review of the record indicates that Appellant never attempted to introduce the evidence excluded by the trial court's grant of the State's motion in limine. Accordingly, Appellant has waived any alleged error regarding the exclusion of that evidence. Id. at 259. Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"THE SENTENCE OF APPELLANT WAS CONTRARY TO LAW AND IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS BECAUSE THE TRIAL COURT ERRONEOUSLY USED APPELLANT'S ASSERTION OF HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL AS ONE OF THE FACTORS IN IMPOSING A HEAVIER TERM OF IMPRISONMENT UPON APPELLANT."
 {¶ 18} In his fifth assignment of error, Appellant asserts that the trial court violated his rights by punishing him for exercising his right to a jury trial. We disagree.
 {¶ 19} A defendant may not be punished for exercising his right to trial by jury. State v. O'Dell (1989),45 Ohio St.3d 140, paragraph two of the syllabus. "Therefore, although sentencing is generally left to the sound discretion of the trial judge, appellate courts have found that the trial court abuses its discretion when the record affirmatively demonstrates that defendant received an enhanced sentence in retaliation for rejecting a plea offer." State v. Lute (Nov. 22, 2000), 9th Dist. No. 99CA007431, at *11, quoting State v. Warren (1998),125 Ohio App.3d 298, 307. In the instant matter, Appellant relies upon United States v. Stockwell (C.A.9, 1973), 472 F.2d 1186, for the proposition that the trial court's action left an inference that he was being punished for exercising his rights. While Stockwell is not binding upon this Court, we also find that it is not persuasive based upon the facts presented herein.
 {¶ 20} In Stockwell, the trial court informed the defendant that he would receive a three-year sentence if he accepted the plea bargain and that he would receive a five or seven-year sentence if he stood trial. Id. at 1187. At the conclusion of trial, the defendant received a seven-year sentence. In the instant matter, the trial court did not participate in the plea discussions between the State and Appellant. In contrast to the court in Stockwell, the trial court in the instant matter simply placed the plea offer made by the State on the record. The trial court made no reference to how Appellant would be sentenced if the plea was accepted and made no reference whatsoever to Appellant's punishment if he chose to stand trial. Accordingly, there is no affirmative evidence, nor even an inference in the record that Appellant was punished for exercising his right to trial by jury. Appellant's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
"APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 21} In his final assignment of error, Appellant alleges that his trial counsel was ineffective. We disagree.
 {¶ 22} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described inStrickland v. Washington (1984), 466 U.S. 668, 687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client."State v. Bradley (1989), 42 Ohio St.3d 136, 141; State v.Lytle (1976), 48 Ohio St.2d 391, 396. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-142, citingLytle, 48 Ohio St.2d at 396-397, vacated in part on other grounds (1978), 438 U.S. 910. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley,
42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, 466 U.S. at 687. Additionally, debatable trial tactics do not give rise to a claim of ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 49, certiorari denied (1980), 449 U.S. 879.
 {¶ 23} In support of his final assignment of error, Appellant contends that his trial counsel was ineffective because he failed to make a Crim.R. 29 motion with regard to his burglary charge and failed to impeach Smith with her prior inconsistent statements. We disagree.
 {¶ 24} With respect to the filing of a Crim.R. 29 motion, this Court has held above that Appellant's burglary conviction was not against the manifest weight of the evidence. Accordingly, a Crim.R. 29 motion filed by Appellant's counsel would not have changed the outcome of his trial. Roberts, supra, at *5. In addition, Appellant's trial counsel's decision not to impeach Smith falls squarely within a debatable trial tactic. While testifying, Smith repeatedly denied that she had witnessed Appellant burglarize Lemons' residence. In addition, Smith denied that Appellant had threatened her. Accordingly, Smith's testimony was favorable to Appellant and his counsel had no reason to discredit her.
 {¶ 25} In addition, Appellant can demonstrate no prejudice from his counsel's failure to impeach Smith. Upon viewing her testimony, the jury chose to disbelieve Smith. Accordingly, Appellant cannot claim that his trial counsel was ineffective for failing to make Smith even less credible. Had Appellant's trial counsel impeached Smith, there is no question that his conviction still would have resulted. The jury's verdict demonstrates that it chose to believe Morrow rather than Smith. As such, Appellant has not demonstrated that the result of his trial would have been different but for the alleged errors of his trial counsel. Appellant's sixth assignment of error is overruled.
 III. {¶ 26} Appellant's six assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J. concur.