**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50213 |
| Plaintiff-Appellee, | D.C. No. 8:11-cr-00148-JVS-24 |
| v. | |
| SUSAN JEANETTE RODRIGUEZ, AKA Suzie Rodriguez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 5, 2020
Pasadena, California

Before:  THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.
Partial Concurrence and Partial Dissent by Chief Judge THOMAS

Susan Rodriguez appeals her jury-trial convictions and sentence for

conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. § 1962, and conspiracy in violation of the Violent Crimes in

Aid of Racketeering Activity ("VICAR") statute, 18 U.S.C. § 1959.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.[1]

1. Rodriguez argues that the district court erred in failing to grant her a mitigating role adjustment under U.S.S.G. § 3B1.2. We "assume the district judge knew the law" when he rendered his sentencing decision, and, based on the record, we find that the district court properly compared the role of Rodriguez to that of the average participant in the conspiracies. *See United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018). To the extent the district court discussed the relative culpability of Rodriguez and the other secretary defendants, it did so to address a corresponding argument made by the government in its sentencing submissions; we do not construe that discussion as a comprehensive explanation of the district court's mitigating role calculus.

2. Rodriguez argues that the district court penalized her for exercising her right to a jury trial, imposing a harsher sentence than she would have received under the package plea deal that broke down shortly before trial. But rather than unfairly penalizing Rodriguez, the district court appropriately took account of the evidence presented at trial in reaching its final sentencing determination. The facts adduced at trial encompassed far more serious conduct than the factual basis for Rodriguez's plea agreement, which notably omitted any reference to her

---

[1] We discuss Rodriguez's challenge to her convictions in a separate opinion filed concurrently with this disposition. Here, we address only the sentencing phase.

involvement in a conspiracy to murder. Because the record "affirmatively show[s] that the court sentenced [Rodriguez] solely upon the facts of [her] case and [her] personal history, and not as punishment for [her] refusal to plead guilty" or the breakdown in the plea agreement, we find that the sentencing process did not violate Rodriguez's due process rights. *United States v. Stockwell*, 472 F.2d 1186, 1188 (9th Cir. 1973).

3. Rodriguez also argues that her sentence was substantively unreasonable and, in the alternative, that her sentence should be reversed "to maintain the integrity of the judicial process" or "in the interest of justice." We disagree. Rodriguez was convicted of serious offenses—encompassing extended, integral involvement with the Mexican Mafia and underlying conspiracies to murder, maim, extort, and traffic in drugs—and, to the extent she presented countervailing considerations like acceptance of responsibility and good deeds in her community, they were accounted for in her sentence. This is not the "rare case" that leaves us with "a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1087–88 (9th Cir. 2012) (en banc).

**AFFIRMED.**

3

*US v. Rodriguez*, 16-50213

THOMAS, Chief Judge, concurring in part and dissenting in part:

I agree that the sentence imposed was not substantively unreasonable and that the district court did not penalize her at sentencing for exercising her right to a jury trial.

I respectfully dissent from the majority's conclusion that the district court did  not err in determining whether Rodriguez qualifies for a mitigating role adjustment under U.S.S.G. § 3B1.2.  In making that determination, "the district court should have evaluated [Rodriguez's] role relative to all participants in the criminal scheme for which [s]he was charged," *United States v. Rojas-Millan*, 234 F.3d 464, 472 (9th Cir. 2000), which here, was the Orange County Mexican Mafia ("OCMM").  Instead of evaluating her role relative to the average member of the OCMM, the district court evaluated her role only "[v]is-a-vis the other secretaries" in the OCMM, stating that it "declined to adopt a role reduction after comparing her conduct to the conduct of the other 'secretaries' in the case."  The district court erred in denying her a mitigating role reduction on this basis.  *See* U.S.S.G. § 3B1.2, cmt. n.3(A) (stating that a mitigating role adjustment applies to defendants who are "less culpable than the average participant in the criminal activity").

In addition, the district court erred by denying Rodriguez a mitigating role adjustment without considering the factors set forth in the 2015 amendment to

§ 3B1.2. While it is true that "we assume the district judge knew the law and understood his or her obligation to consider all of the sentencing factors," we are also cognizant that "the assessment of a defendant's eligibility for a minor-role adjustment *must* include consideration of the factors identified by the Amendment." *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018) (emphasis added). Here, unlike in *Diaz*, there is nothing in the record indicating that the district court was aware of or considered the requisite factors. *Cf. id.* (finding it clear that the district court "was well aware of the factors" because they "were thoroughly enumerated in the defendant's sentencing memorandum" and were discussed at the sentencing hearing). To the contrary, the fact that Rodriguez's mitigating role analysis was nearly identical to the mitigating role analyses of three other "secretaries" prepared before the 2015 amendment went into effect suggests that the district court failed to consider the relevant factors.

For the above reasons, I would vacate Rodriguez's sentence and remand for the district court to reconsider whether Rodriguez qualifies for a mitigating role adjustment under § 3B1.2. I would otherwise affirm the sentence.