DECISION AND JUDGMENT ENTRY
{¶ 1} Kevin Lombardo appeals his conviction from the Maumee Municipal Court for being in physical control of a motor vehicle while he was under the influence of alcohol. Because we conclude that his conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, we affirm.
Facts
 {¶ 2} Lombardo was charged with violating two Waterville ordinances on July 31, 2001: operating a motor vehicle under the influence of alcohol and/or drugs, a violation of Village of Waterville Code of Ordinances § 333.01(a)(1) and failure to control, a violation of Village of Waterville Code of Ordinances § 331.34.
 {¶ 3} Lombardo chose to testify at his May 1, 2002 jury trial. On his way to work, July 31, 2001, his car broke down in front of Mad Anthony's, a bar in Waterville. After unsuccessfully working on his car, he thought about, but decided not to call his girlfriend, Cynthia Thielen, since it was 9:45 p.m. He then entered Mad Anthony's and had between four and six beers. Lombardo then went back to his car, took off his shoes, and went to sleep in the back seat. About 6:00 a.m., he awoke and did call his girlfriend, asking her to bring him tape and Listerine. When Thielen arrived, Lombardo told her to start the car, and she did. According to Lombardo, the car "automatically lunged over the curb and started to come at me and started pushing me toward the Subway window." Thielen was able to stop the car, but after she got out, it began to roll backwards as Lombardo held on, only stopping when it hit a parked vehicle. Thielen then left.
 {¶ 4} Cynthia Thielen was called to testify and agreed she was at the scene as Lombardo stated. The stories told by the two at trial, however, differ from Lombardo's statements that morning to investigators at the scene. Officer Gary Phillips testified that he was getting coffee from the Speedway gas station located near Mad Anthony's, when he got word that an accident had just happened down the street. In about 30 seconds after getting in his patrol car and driving about 400 feet, he was the first to arrive. He approached Lombardo and asked him if it was his car that hit the parked vehicle. Lombardo responded yes. Phillips testified that Lombardo told him that he tried to get his vehicle running but couldn't get it into gear, so he opened the hood and tried to manually shift the vehicle into gear to move it. When he did that, the vehicle jumped into a forward gear and began to go over the curb towards him, so he reached down to try and stop it and managed to put it into reverse, when it started back across the street, dragging him into the parked car.
 {¶ 5} Lombardo's explanation for the difference between what he told officers at the scene and what he testified to at trial was that he knew "this wasn't right, it was my car and I told him it was, just the only story I could think of telling because I was the only one there and I figured it was my car, my car, I had insurance and I didn't think I did anything wrong." However, Officer Hallett, who arrived shortly after Phillips, corroborated Phillips's account of Lombardo's statement.
 {¶ 6} Phillips testified that while speaking with Lombardo, he noticed a fairly moderate to strong odor of alcohol coming from him. Lombardo failed three field sobriety tests and tested a .099 on the BAC Data Master.
 {¶ 7} At trial, Lombardo was ultimately found guilty of a misdemeanor of the first degree, physical control of a motor vehicle while under the influence of alcohol. He was sentenced to 180 days at the Correctional Center of Northwest Ohio with 60 days suspended. Lombardo appeals that conviction.
Assignments of Error
 {¶ 8} "Defendant-Appellant's conviction is not supported by sufficient evidence and is therefore a denial of due process."
 {¶ 9} "Defendant-Appellant's conviction is against the manifest weight of the evidence."
Appellant's First and Second Assignments of Error
 {¶ 10} These assignments address sufficiency and weight of the evidence. Manifest weight of the evidence means that a greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has noted: "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id., citing Tibbs v. Florida
(1982), 457 U.S. 31, 42. To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial.
 {¶ 11} Here, the factfinder was the jury that heard testimony, observed body language, evaluated voice inflections, observed hand gestures, perceived the interplay between witness and examiner, and watched each witness's reaction in the courtroom. During appellate review, we are to accord due deference to the credibility determinations made by the factfinder. See, State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 12} Sufficiency of the evidence asks whether the evidence is legally adequate to support a verdict on all elements of an offense. State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 13} Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Lakewood v. Dorton, 8th Dist. No. 81043, 2003-Ohio-1719, at ¶ 32, citing State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462.
 {¶ 14} The ordinance, § 333.01(d)(1), states that "No person shall be in actual physical control of any vehicle within the Municipality, if any of the following apply: * * * The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." Lombardo's appeal rests upon whether he was in actual physical control of his vehicle.
 {¶ 15} Lombardo argues he could not be in physical control since he was outside his car when the officer arrived. No one saw Lombardo inside the car in the driver's seat, but witnesses testified about Lombardo's statements admitting that he was in actual physical control of his car. Lombardo told the officer at the scene that he had started his car and was taking steps to move it when the accident occurred. Lombardo does not contest that he was under the influence of alcohol at the time.
 {¶ 16} Lombardo argues that his girlfriend, Cynthia Thielen, rather than he, started his car and that she left before the police arrived. Even if both Lombardo's and his girlfriend's trial testimony were believed, however, this is not cause for reversal. Where the operability of the car is at issue, "the test is whether appellant had the ability to cause `actual or potential movement' of a motor vehicle while under the influence of alcohol." State v. Miller (Feb. 6, 1998), Lucas App. No. L-97-1250, citing State v. Cleary (1986), 22 Ohio St.3d 198,199. See also, State v. Pesa (Dec. 27, 2001), Mahoning App. No. 2000-C.A.-2. Lombardo's own story shows that he wanted to move his car and was acting to make that happen. He admits that he was under the influence of alcohol at the time. See, BroadviewHeights v. Soukup (Mar. 10, 1994), Cuyahoga App. No. 64918. His not being behind the steering wheel when the incident occurred does not change the analysis. See, In the Matter of Chapa (Apr. 1, 1996), Hancock App. No. 5-95-55.
 {¶ 17} When circumstantial evidence shows that the appellant is the only person near the vehicle, even though not inside it, one may properly conclude that the person had been in actual physical control, thus, operating the vehicle. State v. Maurer,
5th Dist. No. 2002CA00308, 2003-Ohio-4274, at ¶¶ 11-15;State v. Bokesch, 11th Dist. No. 2001-P-0026, 2002-Ohio-2118, at ¶ 15-16; State v. Latham (July 12, 1999), Belmont App. No. 96 BA 30; Azbill v. State (1985), 285 Ark. 98,99-101. With the immediate arrival of officers and Lombardo's nearness to the car, there was ample evidence, even without his immediate admissions, that he had been in actual physical control.
 {¶ 18} The Supreme Court of Ohio has described the purpose of this particular type of ordinance: "the term `actual physical control' must relate, in a reasonable manner, to the evil the ordinance is entitled to combat, viz., the prevention of the operation of vehicles by persons whose faculties are appreciably impaired from consumption of alcohol or use of drugs of abuse."Cincinnati v. Kelley (1976), 47 Ohio St.2d 94, 97. Circumstantial evidence, furthermore, permits legitimate inferences. If a car was where it was and was performing as it was because of the defendant's choice, the defendant was in actual physical control. State v. Zentner, 9th Dist No. 02CA0040, 2003-Ohio-2352, at ¶ 17; State v. Mackie (1998),128 Ohio App.3d 167, 171; State v. McCain (Dec. 4, 1990), Gallia App. No. 89CA22.
 {¶ 19} Here, there was more than enough evidence for the jury to conclude that Lombardo was in actual physical control of the motor vehicle. Specifically, Officer Phillips testified that Lombardo "indicated to me that when he left the bar he didn't feel comfortable driving because he had had too much to drink, so he decided to sleep it off in his car. He said he had to get up and go to work, so he got up and tried to get the car started and he could get the car started, but he could not get it into gear and that's when he went up in front of the hood to try to shift it manually."
 {¶ 20} A full review of the record shows Lombardo's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. The first and second assignments of error are found not well-taken. Since substantial justice was done to appellant, the judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
Handwork, Lanzinger and Singer, JJ., concur.