DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Earnest W. Williams, appeals from his convictions in the Akron Municipal Court. This Court affirms.
 I. {¶ 2} On the day in question, Officer Casanova was called to the mall area on reports that an unruly male was talking obscenities on a phone in the mall. During that initial encounter, prior to Appellant leaving the mall, Appellant was making threats towards the arriving officers and mall security. Sprint employees, Joshua Moore and Katie Toth, testified that Appellant returned to the mall later that day and entered the Sprint store. Moore and Toth testified that Appellant entered the store and began using the demo phone in a loud and vulgar tone. Shortly thereafter, Appellant ran out of the front of the Sprint store. Upon immediate investigation, the Sprint employees realized that a demo phone was now missing and that the phone terminal to which the demo phone was attached had been damaged.
 {¶ 3} Sprint employees then called the local police. Following the report of the theft, Appellant was arrested by Officer Gregory Casanova. Officer Casanova had received the report from the Sprint store that a phone had been stolen and that a phone terminal had been damaged. Based on Officer Casanova's earlier encounter, the description given by the Sprint employees matched Appellant's description. Upon investigation, Officer Casanova determined that Appellant had boarded a bus after leaving the mall. Officer Casanova contacted the bus driver who verified that Appellant was on the bus. Upon arriving at the bus' next stop, Officer Casanova witnessed Appellant walking away from the bus and arrested him.
 {¶ 4} Following his arrest, Appellant became increasingly vulgar and irate. While being processed, Appellant repeatedly threatened Officer Casanova and Officer Terrance Wisener when he entered the processing area. During this time, Appellant threatened to kill both officers and their families. As a result of his actions, Appellant was convicted by a jury of one count of theft, one count of criminal damaging, and two counts of aggravated menacing. Appellant timely appealed his convictions, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"THE CITY OF AKRON FAILED TO PROVE BEYOND A REASONABLE DOUBT ALL THE ELEMENTS OF THE CRIME OF AGGRAVATED MENACING. SPECIFICALLY, THE CITY FAILED TO PROVE THAT OFFICERS WISENER AND CASANOVA BELIEVED THAT APPELLANT WOULD CAUSE SERIOUS PHYSICAL HARM TO THEM OR AN IMMEDIATE FAMILY MEMBER. THE FAILURE OF PROOF BEYOND A REASONABLE DOUBT ON ALL ELEMENTS VIOLATED APPELLANT ['S] RIGHT TO DUE PROCESS OF LAW UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT."
 {¶ 5} In his first assignment of error, Appellant contends that the State failed to produce sufficient evidence in support of his convictions for aggravated menacing. This Court disagrees.
 {¶ 6} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."
 {¶ 7} State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Accordingly, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.)Jackson v. Virginia (1979), 443 U.S. 307, 319.
 {¶ 8} Appellant was convicted of aggravated menacing in violation of R.C. 2903.21(A) which provides:
"No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
In support of his assertions, Appellant relies upon Dayton v.Waugh (Jan. 2, 1981), 2d Dist. No. 6965, urging that the State failed to prove that the officers believed that Appellant would cause them harm. We find Waugh distinguishable and find that sufficient evidence was presented to justify Appellant's convictions.
 {¶ 9} In Waugh, the Court noted that it is the subjective belief of the victim that is the focal point in determining whether criminal menacing had been established. In Waugh, the victim testified that he imagined that the defendant would carry out his threat if he had the chance. In addition, the defendant's threat was made in passing on the street during a brief encounter.
 {¶ 10} The facts in the instant matter are readily distinguishable. First, Officer Casanova's testimony demonstrated that this was not a brief encounter, but rather that Appellant's anger grew throughout his arrest and culminated in the threats against Officer Casanova. Specifically, Officer Casanova testified:
"He was just becoming extremely, extremely aggressive, making threats to myself. He said he'd kill my family, rape my wife, children [.] * * * I believe [his words were] `I'm going to kill your whole family bitch, I swear I'll find them. I'm going to rape your five-year-old girl. I'm going to gangbang you wife with my boys.'"
When asked if he believed that the threats were genuine, Officer Casanova responded:
"I believe if he had the chance there's no doubt in my mind
he would act on it. * * * [L]ike I said, there's no doubt in my mind if he had the opportunity he would carry it out." (Emphasis added.)
Officer Cassanova went on to testify that he was scared for his life.
 {¶ 11} In addition, Appellant threatened Officer Wisener, specifically threatening to kill the officer and his family. Officer Wisener testified that he felt threatened because he took Appellant's threats seriously. Officer Wisener noted that he took Appellant's threats seriously because of the irate manner in which Appellant was acting during the course of his arrest and went on to describe Appellant's demeanor during that time as violent.
 {¶ 12} While Appellant urges that the officers must not have believed his threats because they failed to arrest him immediately, we find that such an argument lacks merit. The officers testified that they did not have the authority to detain Appellant on a misdemeanor charge. In addition, the credibility of witnesses is a matter primarily for the trial judge and we give deference to that judgment. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 13} Accordingly, we find that the State presented sufficient evidence from which a jury could find that Officers Casanova and Wisener believed that Appellant's threats were genuine and feared for their safety. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"APPELLANT['S] CONVICTIONS FOR THEFT AND CRIMINAL DAMAGING WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ART.1, § 5 OF THE CONSTITUTION OF THE STATE OF OHIO, THUS CREATING A MANIFEST MISCARRIAGE OF JUSTICE BECAUSE THE GREATER WEIGHT OF THE EVIDENCE SHOWED THAT APPELLANT DID NOT STEAL A CELL PHONE NOR DAMAGE THE PHONE TERMINAL INVOLVED IN THIS CASE."
 {¶ 14} In his final assignment of error, Appellant asserts that his convictions for theft and criminal damaging were against the manifest weight of the evidence. We disagree.
 {¶ 15} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 16} Appellant was convicted of one count of theft in violation of R.C. 2913.02(A)(1) which provides:
"No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]"
In addition, Appellant was convicted of criminal damaging in violation of R.C. 2909.06(A)(1) which provides:
"No person shall [knowingly, by any means] cause, or create a substantial risk of physical harm to any property of another without the other person's consent [.]"
In support of his alleged error, Appellant asserts that no witness was able to testify that they actually saw Appellant steal the phone or damage the phone terminal and that the phone was not recovered. This Court finds that Appellant's assertions lack merit.
 {¶ 17} "Circumstantial evidence and direct evidence inherently possess the same probative value [.]" State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph one of the syllabus. "Circumstantial evidence, furthermore, permits legitimate inferences." Waterville v. Lombardo, 6th Dist. No. L-02-1160,2004-Ohio-475, at ¶ 18. In the instant matter, both Toth and Moore testified that Appellant was loud and vulgar while in the Sprint store. Both Sprint employees indicated that Appellant did not simply leave the store, but ran out the front entrance. Inspecting the store immediately after Appellant ran out, the employees discovered that a phone was missing and that the phone terminal had been damaged.
 {¶ 18} Appellant urges that no camera caught the crime on tape, that no phone was ever recovered, and that no evidence was submitted regarding the damage to the terminal. We find that none of Appellant's contentions warrant reversal. The Sprint employees explained that no camera was pointed at the area from where the phone was stolen. In addition, the officers testified that Appellant had ample time to discard the phone after he left the mall, took a bus, and walked away from the bus before being apprehended. In addition, the Sprint employees testified in detail about the damage caused to the phone terminal.
 {¶ 19} Accordingly, this Court finds that the jury did not lose its way in relying upon the circumstantial evidence supplied by the State. The State's evidence placed Appellant in the Sprint store at the time of the theft, acting in a vulgar manner, and running from the store. Discovery of the missing phone was made immediately after Appellant ran from the store. While Appellant asserts that there were others in the store, this is not a case in which the evidence weighs heavily in favor of Appellant. Appellant's second assignment of error, therefore, is overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Reader, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)