[Cite as *State v. Rodich*, 2014-Ohio-4399.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-13-043

      Appellee                                Trial Court No. TRC 1304116

v.

Michael G. Rodich                                **DECISION AND JUDGMENT**

      Appellant                               Decided:  October 3, 2014

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Michael G. Rodich, appeals the November 20, 2013

judgment of the Sandusky County Court which, following a trial to the court and

conviction for having physical control of a vehicle while under the influence, sentenced

appellant to 30 days in jail, with 20 days suspended, a $1,000 fine, with $750 suspended,

a six-month license suspension, and active probation for 12 months. Because we find that the conviction was supported by sufficient evidence and was not against the weight of the evidence, we affirm.

{¶ 2} On September 6, 2013, appellant was charged with having physical control of a motor vehicle while under the influence. He entered a not guilty plea. The case proceeded to a bench trial on November 20, 2013. The facts surrounding the charge were developed at trial and are as follows. Ohio State Highway Patrol Trooper Matt Foster testified that on September 5, 2013, at approximately 11:50 p.m. he received a call that a vehicle was pulled over on the Ohio Turnpike, eastbound around the 64 to 65 mile post, with a female walking away from it.

{¶ 3} Trooper Foster arrived on the scene but did not locate the vehicle. At approximately 12:15 a.m., Foster did locate and made contact with the female who was walking on the side of the road. According to Foster, the female spoke with someone while she was in the patrol vehicle. The two then proceeded to the turnpike plaza in Sandusky County, Ohio, about 13 miles further east, where the female identified the vehicle she had been in. Trooper Foster testified that at 12:40 a.m. he encountered appellant, sitting in the passenger seat of the vehicle with the ignition key under his thigh. Foster stated that he noticed a strong smell of alcohol on appellant's breath and that he had red and glassy eyes. According to Trooper Foster, appellant refused to answer any of his questions and refused to submit to sobriety testing. Foster stated that based on his experience and training, appellant was under the influence of alcohol.

2.

**{¶ 4}** Trooper Foster testified that he secured the vehicle which belonged to the female who was also intoxicated, and then placed appellant under arrest. Foster stated that he placed appellant in the back of the patrol car and had appellant's cellular phone with him in the front seat. Trooper Foster testified that the phone was running a police radio scanner application and he could hear his police radio being repeated on the phone.

**{¶ 5}** Following the state's presentation of evidence, appellant made a Crim.R. 29 motion for acquittal arguing that the state failed to prove that appellant had physical control of the vehicle because he was not found in the driver's seat as required by statute. The state indicated that sufficient circumstantial evidence had been presented to show that appellant had been in physical control. The vehicle was found 13 miles from the original location and appellant was in possession of the ignition key. Further, appellant had been listening to police radio and was able to move to the passenger seat before Trooper Foster arrived. The court agreed with the state and denied the motion. Appellant presented no evidence and renewed his motion for acquittal which was again denied.

**{¶ 6}** The court then found that because the female and the vehicle were found 13 miles apart and there was no other explanation of how the vehicle arrived at the turnpike plaza, appellant operated the vehicle and was in physical control of the vehicle. The court then sentenced appellant and this appeal followed.

3.

**{¶ 7}** Appellant raises two assignments of error for our review:

1. Appellee failed to provide legally sufficient evidence at trial to sustain a conviction for physical control.

2. Appellant's conviction fell against the manifest weight of the evidence.

**{¶ 8}** Appellant's assignments of error argue that his conviction for physical control was not supported by legally sufficient evidence and was against the weight of the evidence. Sufficiency of the evidence and manifest weight of the evidence are quantitatively and qualitatively different legal concepts. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Sufficiency of the evidence is purely a question of law. *Id.* At its core, sufficiency of the evidence is a determination of adequacy and a court must consider whether the evidence was sufficient to support the conviction as a matter of law. *Id.* The proper analysis is "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Williams,* 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996), quoting *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶ 9}** In contrast, a manifest weight challenge questions whether the state has met its burden of persuasion. *Thompkins* at 387. In making this determination, the court of appeals sits as a "thirteenth juror" and, after:

4.

"reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 10} Appellant was convicted of R.C. 4511.194 which provides, in part:

(B) No person shall be in physical control of a vehicle, streetcar, or trackless trolley if, at the time of the physical control, any of the following apply:

(1) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

(2) The person's whole blood, blood serum or plasma, breath, or urine contains at least the concentration of alcohol specified in division (A)(1)(b), (c), (d), or (e) of section 4511.19 of the Revised Code.

{¶ 11} The statute defines "physical control" as "being in the driver's position of the front seat of a vehicle * * * and having possession of the vehicle's * * * ignition key or other ignition device." R.C. 4511.194(A)(2).

5.

{¶ 12} This court has reviewed the use of circumstantial evidence to prove that a defendant was in physical control of a vehicle while under the influence of alcohol. In *Village of Waterville v. Lombardo*, 6th Dist. Lucas No. L-02-1160, 2004-Ohio-475, the defendant's car broke down and, after unsuccessful attempts to start it, he went inside an adjacent bar and consumed several beers. *Id.* at ¶ 3. The defendant then telephoned his girlfriend to aid him in starting the car. The vehicle jumped the curb and then rolled back into a parked vehicle. *Id.* Ultimately, the police charged him with physical control of a motor vehicle while under the influence of alcohol. *Id.* at ¶ 2.

{¶ 13} Finding that the conviction was supported by sufficient evidence and not against the weight of the evidence, this court noted:

When circumstantial evidence shows that the appellant is the only person near the vehicle, even though not inside it, one may properly conclude that the person had been in actual physical control * * *. With the immediate arrival of the officers and [appellant's] nearness to the car, there was ample evidence, even without his immediate admissions, that he had been in actual physical control. (Citations omitted.) *Id*. at ¶ 17.

{¶ 14} We noted that "[c]ircumstantial evidence, furthermore, permits legitimate inferences. If a car was where it was and was performing as it was because of the defendant's choice, the defendant was in actual physical control." *Id.* at ¶ 18.

{¶ 15} In the present case, Trooper Foster received a call that a vehicle was parked on the turnpike with a female walking away from it. He arrived at the location within

6.

15-20 minutes and was unable to locate the vehicle; he did locate and pick up the female. The two proceeded 13 miles east to the turnpike plaza where, at approximately 50 minutes from the initial call, they spotted the female's vehicle with appellant inside and in possession of the keys. There was no one else spotted near the vehicle. We find that the court reasonably inferred that appellant, in moving the vehicle from mile post 64 or 65 to the turnpike plaza, was in physical control of the vehicle.

{¶ 16} Based on the foregoing, we conclude that appellant's conviction for having physical control of a vehicle while under the influence of alcohol was supported by sufficient evidence and was not against the weight of the evidence. Appellant's first and second assignments of error are not well-taken.

{¶ 17} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

Mark L. Pietrykowski, J.       _____
                                                            JUDGE

Thomas J. Osowik, J.          

                                       _____
James D. Jensen, J.                                         JUDGE
CONCUR.

                                         _____
                                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.